1  **KAYE, ROSE & PARTNERS, LLP**
   Frank C. Brucculeri, Esq. (137199)
2  Daniel F. Berberich, Esq. (215946)
   9100 Wilshire Blvd., Suite 420W
3  Beverly Hills, California 90212
   Telephone: (310) 551-6555
4  Facsimile: (310) 277-1220
   E-mail: brose@kayerose.com
5          fbrucculeri@kayerose.com
           dberberich@kayerose.com
6

7              UNITED STATES DISTRICT COURT

8              NORTHERN DISTRICT OF CALIFORNIA

9

10 ARABIAN GAS AND OIL                  Case No. 3:16-cv-03801
11 DEVELOPMENT COMPANY, a Bahrain
   Corporation,                         **ADMIRALTY**
12                                      **Fed. R. Civ. P. 9(h)**
              Plaintiff,
13
        v.                              ~~**PROPOSED**~~ **ORDER APPOINTING**
14                                      **SUBSTITUTE CUSTODIAN**
   WISDOM MARINES LINES, S.A, a
15 Panama Corporation, WISDOM
   MARINES LINES CO., LTD., a Cayman
16 Islands Corporation, and SAO WISDOM,
   S.A., a Panama corporation,
17
              Defendants.
18

19

20      Upon the Motion of Plaintiff, ARABIAN GAS AND OIL DEVELOPMENT COMPANY

21 for the appointment of a Substitute Custodian for the M/V GLOBAL FAITH in lieu of the United

22 States Marshal in this case, and good cause appearing therefore, it is hereby:

23      **ORDERED** that the Plaintiff's Motion is granted, and the United States Marshal shall

24 transfer custody of the M/V GLOBAL FAITH, immediately following her arrest and seizure, to

25 the custody of the substitute custodian, NATIONAL MARITIME SERVICES (hereinafter

26 "National"), by and through its authorized representatives, of 1915 SW 21st Avenue, Fort

27 Lauderdale, Florida 33312; and it is further

28

**ORDERED** that upon transfer of the M/V GLOBAL FAITH to the substitute custodian, the aforesaid substitute custodian shall be appointed to act as substitute custodian of the M/V GLOBAL FAITH during *custodia legis* on behalf of this Court, in place and instead of the United States Marshal, until written notice of release has been given by the Plaintiff to the United States Marshal or has been ordered by this Court; and it is further

**ORDERED** that upon transfer of the M/V GLOBAL FAITH to the substitute custodian by the United States Marshal, the United States Marshal shall not be liable for any loss occurring while she remains in the custody of the substitute custodian; and it is further

**ORDERED** that after the M/V GLOBAL FAITH is arrested, the substitute custodian shall cause and be responsible to have the M/V GLOBAL FAITH remain at an appropriate berth and/or anchorage within the Northern District of California.

**ORDERED** that during *custodia legis*, the substitute custodian, National, will permit the vessel to undergo normal cargo operations, both loading and discharge, shift berths within the Northern District of California, and/or undergo repairs, but always at the risk and expense of the vessel's interests, and always remaining within the District.

**DONE** and **ORDERED** this the 8 day of July 2016.

_____
United States Magistrate Judge



2