1  ELIZABETH P. BEAZLEY, CASB No. 138198
   elizabeth.beazley@kyl.com
2  JAMES A. MARISSEN, CASB No. 257699
   james.marissen@kyl.com
3  JENNIFER M. PORTER, CASB No. 261508
   jennifer.porter@kyl.com
4  CHRISTOPHER R. FARNSWORTH, CASB No. 286992
   chris.farnsworth@kyl.com
5  KEESAL, YOUNG & LOGAN
   A Professional Corporation
6  400 Oceangate
   Long Beach, California  90802
7  Telephone:     (562) 436-2000
   Facsimile:      (562) 436-7416
8
   Attorneys for Specially Appearing Defendants
9  WISDOM MARINE LINES, S.A, WISDOM MARINE
   LINES CO., LTD., and SAO WISDOM, S.A.
10

11                     **UNITED STATES DISTRICT COURT**

12                   **NORTHERN DISTRICT OF CALIFORNIA**

13

14  ARABIAN GAS AND OIL DEVELOPMENT       )  Case No. 4:16-cv-03801-DMR
    COMPANY, a Bahrain Corporation,       )
15                                         )  Related Case:  4:16-cv-03872-DMR
                                           )
                         Plaintiff,        )
16                                         )  **SPECIALLY APPEARING DEFENDANTS'**
              vs.                          )  **NOTICE OF MOTION AND MOTION TO**
17                                         )  **INCREASE UNDERTAKING POSTED BY**
    WISDOM MARINES LINES, S.A, a Panama    )  **PLAINTIFF WITH THE COURT;**
18  Corporation, WISDOM MARINES LINES CO., )  **MEMORANDUM OF POINTS AND**
    LTD., a Cayman Islands Corporation, and SAO )  **AUTHORITIES IN SUPPORT THEREOF**
19  WISDOM, S.A., a Panama corporation,    )
                                           )  Date:     November 10, 2016
20                         Defendants.      )  Time:     11:00 a.m.
                                           )  Place:    Courtroom 4
21                                         )
                                           )
22  _____ )

23

24  **TO PLAINTIFF AND ITS ATTORNEY OF RECORD:**

25          **PLEASE TAKE NOTICE** that on November 10, 2016, at 11:00 a.m. in Courtroom 4,

26  3rd Floor of the United States District Court, Northern District of California, Oakland Courthouse,

27  located at 1301 Clay Street, Oakland, California 94612, Specially Appearing Defendants WISDOM

28  MARINE LINES, S.A., WISDOM MARINE LINES CO., LTD., and SAO WISDOM, S.A.

                                          - 1 -

1  (collectively "Defendants") will move for an order increasing the amount of the undertaking posted by

2  Plaintiff ARABIAN GAS AND OIL DEVELOPMENT COMPANY ("AGODCO") with the Court to

3  secure Defendants' recovery of damages for wrongful attachment.

4          Notwithstanding that the Court has already quashed AGODCO's writ of attachment

5  and released the vessel M/V *GLOBAL FAITH* ("the Vessel") from attachment, in the event that

6  Defendants' defeat AGODCO's counterclaim in the London arbitration (which is the underlying

7  action for purposes of AGODCO's writ of attachment efforts before this Court), AGODCO's

8  attachment of the Vessel will be conclusively deemed wrongful pursuant to California Code of Civil

9  Procedure section 490.010(b).  In such circumstances, AGODCO will be liable to Defendants to the

10  full extent of their damages, including attorney's fees and costs, incurred by reason of AGODCO's

11  wrongful attachment of the Vessel.  However, as any recovery Defendants' may seek is limited by

12  statute to the amount of the undertaking AGODCO posted with the Court, and as the $10,000 amount

13  of the present bond does not adequately compensate Defendants for their damages for AGODCO's

14  wrongful attachment of the Vessel, Defendants bring the present motion to increase the amount of the

15  undertaking to be posted by AGODCO to adequately secure their future claim for damages for

16  wrongful attachment.

17          This Motion is based on this Notice of Motion and Motion, the Memorandum of Points

18  and Authorities (and attachments thereto), the Declaration of James A. Marissen, the pleadings on file

19  in this matter and on any oral argument the Court entertains at the hearing on the Motion.

20

21

22  DATED:  September 29, 2016          /s/ James A. Marissen
                                       ELIZABETH P. BEAZLEY
23                                     JAMES A. MARISSEN
                                       JENNIFER M. PORTER
24                                     CHRISTOPHER R. FARNSWORTH
                                       KEESAL, YOUNG & LOGAN
25                                     Attorneys for Specially Appearing Defendants
                                       WISDOM MARINE LINES, S.A, WISDOM MARINE
26                                     LINES CO., LTD., and SAO WISDOM, S.A.

27

28

SPECIALLY APPEARING DEFENDANTS' MOTION TO INCREASE UNDERTAKING POSTED
WITH THE COURT - Case No. 4:16-cv-03801-DMR
KYL4847-5744-2104.1

## MEMORANDUM OF POINTS AND AUTHORITIES

Specially Appearing Defendants WISDOM MARINE LINES, S.A., WISDOM MARINE LINES CO., LTD., and SAO WISDOM, S.A. (collectively "Defendants") hereby submit the following Memorandum of Points and Authorities in support of their Motion to Increase the Amount of the Undertaking posted by Plaintiff ARABIAN GAS AND OIL DEVELOPMENT COMPANY's ("AGODCO") with the Court.

## I.

## INTRODUCTION

California writ of attachment law is clear.  If the underlying claim pursuant to which a writ of attachment was obtained is not successful, the attachment is conclusively deemed "wrongful" and a defendant shall recover ***all*** damages, ***including attorneys' fees,*** incurred by reason of the attachment.  Indeed this explains why a plaintiff must provide an undertaking prior to attaching a defendant's property in the first instance—the undertaking is security for a potential claim for damages for wrongful attachment.  As the statutory minimum undertaking amount of $10,000 posted by AGODCO with the Court is woefully short of the total amount of Defendants' anticipated damages for AGODCO's wrongful attachment of the vessel M/V *GLOBAL FAITH* (the "Vessel"), Defendants bring the present motion and respectfully request the Court, in its discretion, order the undertaking posted by AGODCO be increased to $186,804.05.

## II.

## PROCEDURAL HISTORY

AGODCO and Defendant Wisdom Marine Lines S.A. ("Wisdom"), one of the Defendants herein, have been embroiled in arbitration over a Memorandum of Agreement for the sale and purchase of a vessel originally identified as "Namura Handy BC Hull No. 387" and later named "ECO QUICKFIRE" since December 31, 2015, when Wisdom initiated a claim for damages against AGODCO in a London arbitration.  AGODCO filed a counterclaim against Wisdom on February 5, 2016.

- 3 -

SPECIALLY APPEARING DEFENDANTS' MOTION TO INCREASE UNDERTAKING POSTED WITH THE COURT - Case No. 4:16-cv-03801-DMR
KYL4847-5744-2104.1

1    In order to try to obtain security for its counterclaim in the London arbitration,

2  AGODCO filed its Verified Complaint and also submitted an Application for Right to Attach Orders

3  in the present proceedings ("Application"), all of which sought to attach the Vessel as security. *See*

4  Dkt. Nos. 1 and 3.

5    On July 8, 2016, the Court granted AGODCO's Application for a Right to Attach

6  Order (Dkt. No. 14), but without first posting the requisite undertaking with the Court and/or

7  complying with the Court's express order in that regard, AGODCO simply proceeded to attach the

8  Vessel, which it did soon thereafter.  It was not until July 15, 2016 that AGODCO posted a bond (for

9  the statutory minimum amount of $10,000) prompting the Court to formally issue the writ of

10  attachment for the Vessel. *See* Dkt. Nos. 17 and 19.

11    On July 20, 2016, Defendants filed a Motion to Vacate the Attachment of the Vessel

12  and to Increase the Amount of the Bond posted with the Court (the "Motion").  Dkt. No. 28.

13    On July 25, 2016, Defendants filed a formal objection to the amount of the bond under

14  California Code of Civil Procedure section 489.010.  Dkt. No. 35.

15    On August 4, 2016, after considering the Parties' moving papers and oral argument in

16  relation to the Motion, the Court quashed the writ of attachment and ordered the immediate release of

17  the Vessel from attachment.  Dkt. Nos. 52 and 53.  Although Defendants raised the issue of

18  sufficiency of the bond amount to the Court during the hearing on the Motion, the Court suggested

19  that Defendants address the issue by way of a separate motion or other procedure. *See* Declaration of

20  James Marissen ("Marissen Decl."), ¶ 15; Ex. 1; Transcript of August 4 Hearing, 34:20–37:1.

21

22                                    **III.**

23                            **LEGAL ARGUMENT**

24    Pursuant to California Code of Civil Procedure section 489.210, a plaintiff must post a

25  bond to obtain a writ of attachment, the purpose of which is to secure the damages a defendant may

26  obtain should the attachment later be found to have been wrongful. *See Vershow v. Reiner*, 231 Cal.

27  App. 3d. 882–883 (1993) (holding that a writ of attachment is void ab initio if mistakenly issued

28  without a bond).  Among other instances, an attachment is "wrongful" if a levy is made and plaintiff

- 4 -

SPECIALLY APPEARING DEFENDANTS' MOTION TO INCREASE UNDERTAKING POSTED
WITH THE COURT - Case No. 4:16-cv-03801-DMR
KYL4847-5744-2104.1

1  does not recover judgment in the underlying action.  *See* Cal. Civ. Proc. Code § 490.010(b).  In such

2  circumstances, a plaintiff is liable to defendant for ***all*** damages proximately caused by the wrongful

3  attachment (including loss of credit and business losses), plus all costs and expenses, ***including***

4  ***attorneys' fees***, reasonably expended in defeating the attachment.  *See* Cal. Civ. Proc. Code

5  § 490.020(a) and Comments thereto (emphasis added).

6  However, the liability of the plaintiff (and their surety) for damages for wrongful

7  attachment is limited to the amount of the undertaking posted with the Court.  *See* Cal. Civ. Proc.

8  Code § 490.020(b).  That said, and while the statutory minimum amount of an undertaking to obtain a

9  writ of attachment is $10,000 (*see* Cal. Civ. Proc. Code § 489.220(a)), a defendant whose damages

10  would be larger than the statutory amount may object to the statutory amount and the court may then

11  order the undertaking be increased to the amount of the "probable recovery for wrongful attachment if

12  it is ultimately determined that the attachment was wrongful."  *See* Cal. Civ. Proc. Code §§ 489.010,

13  489.220(b), 995.020, 995.930; *see also Sony Ericsson Mobile Communs. AB v. Delta Elecs. (Thail.)*

14  *Pub. Co.*, No. C-09-1326 MMC, 2009 U.S. Dist. LEXIS 36497, at *19 (N.D. Cal. Apr. 15, 2009)

15  (increasing bond amount from $10,000 to $350,000).

16  Here, the prevailing circumstances compel that the statutory minimum bond of $10,000

17  posted by AGODCO be immediately increased to $186,804.05, representing Defendants' "probable

18  recovery for wrongful attachment" in the likely event AGODCO's counterclaim in the London

19  arbitration (being the underlying claim for which AGODCO sought the writ of attachment) fails.[1]  As

20  discussed below, the statutory amount is woefully inadequate to address the damages Defendants

21  incurred by reason of AGODCO's now failed writ of attachment efforts.

22  ///

23

24

25  ///

---

[1] To the extent the Court seeks to evaluate the likelihood of success on the merits of AGODCO's claim, the Court need look no further than the Parties' prior submissions in regards to Defendants' Motion to Dismiss and Motion to Vacate Attachment.

SPECIALLY APPEARING DEFENDANTS' MOTION TO INCREASE UNDERTAKING POSTED WITH THE COURT - Case No. 4:16-cv-03801-DMR
KYL4847-5744-2104.1

A. **DEFENDANTS' "PROBABLE RECOVERY FOR WRONGFUL ATTACHMENT" TOTALS $186,804.05.**

Defendants submit that the amount of $186,804.05 appropriately represents their "probable recovery for wrongful attachment."  This amount consists of the following items:

- $115,884.05 for Defendants' United States counsel, Keesal, Young & Logan (*see* Marissen Decl., ¶¶ 9–10);
- $40,850 for Defendants' English counsel, Holman Fenwick Willan (*see* Marissen Decl., ¶ 11);
- $13,330 for Defendants' Bahraini counsel, the Amin Law Firm (*see* Marissen Decl., ¶ 12);
- $1,000 for Defendants' Taiwanese counsel, Jheding International Law Offices (*see* Marissen Decl., ¶ 13);
- $740.00 for Defendants' marine surveyor, Brookes Bell (*see* Marissen Decl., ¶ 14);
- $15,000 for preparation of the present Motion to Increase the Amount of the Undertaking and for anticipated fees for preparation of Motion for Damages for Wrongful Attachment;

**TOTAL**:  $186,804.05.

While commercial losses by way of the attachment of the Vessel appear to have been avoided, Defendants' attorneys' fees and costs (which are statutorily codified as recoverable items of damage for wrongful attachment), were necessarily incurred in defeating AGODCO's writ of attachment and are otherwise reasonable under the circumstances.  AGODCO's writ of attachment efforts were complex and multi-jurisdictional, and required significant time and attention from Defendants' United States, English, Bahraini and Taiwanese counsel.

Specifically, the two primary issues upon which the Court based its decision to quash AGODCO's writ of attachment were comprehensively briefed by Defendants.  Indeed, the briefing in relation to subject matter jurisdiction required significant legal research and detailed analysis of this complex and somewhat novel area of the law, being namely the scope of jurisdiction conferred by the
///

- 6 -

1  Federal Arbitration Act in situations where the sole remedy sought is attachment to secure a potential

2  award for a pending arbitration counterclaim in a foreign jurisdiction.  *See* Marissen Decl., ¶ 7.

3          Moreover, Defendants' main (and prevailing) argument that AGODCO had failed to

4  discharge its burden that it was more likely than not to succeed on its underlying counterclaim

5  mandated a detailed review of the procedural status of the London arbitration, a detailed review and

6  recitation of the underlying facts of the dispute, as well as coordination of Defendants' legal

7  arguments in support of its original claim and its defenses to AGODCO's counterclaim.  *See id.*, ¶¶ 6,

8  11.  As AGODCO's  underlying counterclaim is pending in London and governed by English law, it

9  was necessary for Defendants' English counsel, Holman Fenwick Willan, to be intimately involved in

10  developing Defendants' merits-based arguments and also required extensive declarations both on

11  points of law and relevant facts of the dispute.  *See id.*  Indeed, to further support Defendants' merit-

12  based arguments, Defendants' obtained a declaration from their appointed marine surveyor, Brookes

13  Bell, to refute AGODCO's claims regarding alleged defects with the construction of the ECO

14  QUICKFIRE.  *See id.*, ¶ 14.

15          Furthermore, and while unnecessary for the Court to decide these issues, Defendants

16  remain firm in their convictions that AGODCO lacked the capacity to bring a claim in California in

17  the first instance, as its corporate existence and status remain in dispute and was further clouded by

18  AGODCO's own inconsistent representations in its Verified Complaint and opposition to Defendants'

19  Motion and declarations submitted in support thereto.  As the capacity of a foreign corporation to sue

20  is determined by the law of the country where the corporation is allegedly registered or existing,

21  Defendants' argument required the retention of Bahraini counsel and significant assistance from

22  Bahraini counsel both as to points of Bahraini law and as to factual investigations of AGODCO's

23  corporate status.  *See id.*, ¶ 12.  Similarly, and in response to the Court's request for supplemental

24  briefing, Defendants' arguments required the retention of Taiwanese counsel and significant assistance

25  from them on this issue whether English arbitration decisions are enforceable in Taiwan as a matter of

26  Taiwanese law.  *See id.*, ¶ 13.

27          Also, and generally speaking, the unique circumstances whereby California writ of

28  attachment law, and not federal maritime law, governed the attachment of the Vessel, presented

- 7 -

1  additional challenges to be addressed in Defendants' Motion and defense efforts. *See id.*, ¶ 7.  Indeed,

2  Defendants maintain that the mandatory off-set as required under California Code of Civil Procedure

3  section 483.015(b) should have reduced AGODCO's security demand to zero.

4            Lastly, Defendants have incurred legal fees and costs to prepare the present motion to

5  increase the undertaking posted with the Court and also anticipate incurring additional costs and fees

6  to prepare and file its motion for damages for wrongful attachment.  These motions are both grounded

7  in AGODCO's writ of attachment efforts, and as such, the attorneys' fees and costs incurred in their

8  preparation are also an item of Defendants' potential damages for wrongful attachment.

9            In short, securing the quashing of the writ of attachment and the release of the Vessel

10  was not straightforward, and it was undoubtedly a very time-consuming and costly endeavor.  The

11  attorneys' fees and costs incurred by Defendants to defeat the AGODCO's writ of attachment of the

12  Vessel were reasonable and necessary.  Having prevailed in their defense of the writ of attachment and

13  incurred significant attorney's fees and costs in doing so, Defendants' potential recovery for damages

14  for wrongful attachment should not be limited by the statutory minimum bond amount of $10,000, and

15  as such, AGODCO must be ordered to increase the undertaking posted with the Court.

16       **B.       THE EQUITIES COMPEL AN INCREASED UNDERTAKING.**

17            The equities clearly support an increase in the undertaking here.  AGODCO availed

18  itself of this Court's jurisdiction and California's writ of attachment law to secure an order from this

19  Court to attach the Vessel as security for the full value of its underlying counterclaim in London

20  arbitration.  Defendants contend these actions were conducted solely to escalate and apply undue

21  commercial pressure on Defendants pursuant to the Parties' pending and competing arbitration claims.

22  Conversely, Defendants should benefit from these same extraordinary rules and procedures which

23  expressly allow for an undertaking to be posted for the ***full*** value of its potential damages for wrongful

24  attachment, including its attorneys' fees incurred in defeating the attachment.  Having selected this

25  forum and these procedural rules and used them to its benefit, equity compels AGODCO be bound by

26  the same rules when they operate against its interests.

27

28  ///

SPECIALLY APPEARING DEFENDANTS' MOTION TO INCREASE UNDERTAKING POSTED
WITH THE COURT - Case No. 4:16-cv-03801-DMR
KYL4847-5744-2104.1

1

**IV.**

2

**CONCLUSION**

3        In light of the foregoing, Defendants respectfully requests that the Court order the

4  amount of undertaking to be posted by AGODCO be increased to $186,804.05. This amount

5  appropriately addresses the damages, attorneys' fees and costs incurred by Defendants and constitute

6  their probable recovery for damages for wrongful attachment in the likely event that AGODCO's

7  counterclaim in London arbitration fails.

8

9

10  DATED:  September 29, 2016                /s/ James A. Marissen
                                            ELIZABETH P. BEAZLEY
11                                          JAMES A. MARISSEN
                                            JENNIFER M. PORTER
12                                          CHRISTOPHER R. FARNSWORTH
                                            KEESAL, YOUNG & LOGAN
13                                          Attorneys for Specially Appearing Defendants
                                            WISDOM MARINE LINES, S.A, WISDOM MARINE
14                                          LINES CO., LTD., and SAO WISDOM, S.A.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SPECIALLY APPEARING DEFENDANTS' MOTION TO INCREASE UNDERTAKING POSTED
WITH THE COURT - Case No. 4:16-cv-03801-DMR
KYL4847-5744-2104.1

Case Name:     *Arabian Gas and Oil Development Co v. Wisdom Marines Lines, et. al.*
Case No.:         USDC, Northern District Case No: 4:16-cv-03801-DMR (related to 16-cv-03872)
KYL File No.: 7811-3

1

**PROOF OF SERVICE**

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

    I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is Keesal, Young & Logan, 400 Oceangate, Long Beach, California  90802.

4

5

    On September 29, 2016, I served the foregoing documents described as **SPECIALLY APPEARING DEFENDANTS' NOTICE OF MOTION AND MOTION TO INCREASE UNDERTAKING POSTED BY PLAINTIFF WITH THE COURT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** on the parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

6

7

8

| | |
|---|---|
| Frank C. Brucculeri, Esq. | Co-Counsel for Plaintiff ARABIAN GAS AND |
| Daniel F. Berberich, Esq. | OIL DEVELOPMENT COMPANY |
| KAYE, ROSE & PARTNERS | |
| 9100 Wilshire Blvd., Ste 420W | |
| Beverly Hills, CA  90212 | |
| Ph.  (310) 551-6555 | |
| Fax (310) 277-1200 | |
| Email:  fbrucculeri@kayerose.com | |
|             dberberich@kayerose.com | |

9

10

11

12

13

| | |
|---|---|
| George A. Gaitas, Esq. | Co-Counsel for Plaintiff ARABIAN GAS AND |
| Chalos & Co., P.C. | OIL DEVELOPMENT COMPANY |
| 7210 Tickner Street | |
| Houston, TX  77055 | |
| Ph.   (713) 574-9582 | |
| Fax  (866) 702-4577 | |
| Email: georgegaitas@chaloslaw.com | |

14

15

16

17

18

    ☑       **BY CM/ECF:**  The document was electronically served on the parties to this action via the mandatory United States District Court of California CM/ECF system upon electronic filing of above-described document.

19

20

    Executed on September 29, 2016 at Long Beach, California.

21

    I declare under penalty of perjury under the laws of the State of California and United States of America that the foregoing is true and correct.

22

    I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

23

24

25

                              /s/ Tammy Wade
                              TAMMY WADE

26

27

28

- 1 -

Proof of Service
KYL4844-7935-4933.1