ELIZABETH P. BEAZLEY, CASB No. 138198
elizabeth.beazley@kyl.com
JAMES A. MARISSEN, CASB No. 257699
james.marissen@kyl.com
JENNIFER M. PORTER, CASB No. 261508
jennifer.porter@kyl.com
CHRISTOPHER R. FARNSWORTH, CASB No. 286992
chris.farnsworth@kyl.com
KEESAL, YOUNG & LOGAN
A Professional Corporation
400 Oceangate
Long Beach, California  90802
Telephone:    (562) 436-2000
Facsimile:    (562) 436-7416

Attorneys for Specially Appearing Defendants
WISDOM MARINE LINES, S.A, WISDOM MARINE
LINES CO., LTD., and SAO WISDOM, S.A.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARABIAN GAS AND OIL DEVELOPMENT COMPANY, a Bahrain Corporation,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>WISDOM MARINES LINES, S.A, a Panama Corporation, WISDOM MARINES LINES CO., LTD., a Cayman Islands Corporation, and SAO WISDOM, S.A., a Panama corporation,<br><br>　　　　　　　　　　Defendants. | Case No. 4:16-cv-03801-DMR<br><br>Related Case:  4:16-cv-03872-DMR<br><br>**DECLARATION OF JAMES A. MARISSEN IN SUPPORT OF SPECIALLY APPEARING DEFENDANTS' MOTION TO INCREASE UNDERTAKING POSTED BY PLAINTIFF WITH THE COURT** |

　　　　　I, JAMES A. MARISSEN, declare as follows:

　　　　　1.　　I am an attorney at law licensed to practice before this Court and am a shareholder with the law firm of Keesal, Young & Logan, attorneys for Specially Appearing Defendants WISDOM MARINE LINES, S.A, WISDOM MARINES LINES CO., LTD., and SAO WISDOM, S.A. ("Defendants") in this matter.  I make this declaration on the basis of my personal knowledge, except for those items stated to be based upon information and belief, all of which I

1  believe to be true.  If called upon to testify as a witness, I could and would testify as to the
2  competently thereto.
3      2. I submit this declaration in support of Defendants' Motion to Increase
4  Undertaking posted by Plaintiff with the Court.
5      3. I am informed and believe that Keesal, Young & Logan has the largest
6  admiralty practice on the west coast of the United States.  It has offices in Long Beach, San Francisco,
7  Seattle, Anchorage, and Hong Kong.  The firm regularly represents clients involved in the maritime
8  and transportation industry.  KYL Partners are regularly honored by their peers to be "Best Lawyers"
9  for Southern California in the area of Admiralty/Maritime law.
10     4. I have specialized in maritime and admiralty litigation and arbitration since
11 being admitted to practice law in 1999.  I have been admitted to practice in Australia, England,
12 California, and New York, and have been with Keesal, Young & Logan since 2008.  My practice
13 includes conducting commercial, admiralty and international litigation and arbitration on behalf of
14 ship owners, charterers, freight forwarders, terminal operators, insurers, salvors, commodity traders
15 and other corporate clients in relation to arrest and attachment proceedings (particularly Rules B, C, D,
16 and F admiralty proceedings), charterparty and bill of lading disputes, cargo claims, maritime liens,
17 letter of credit disputes, marine insurance, personal injury, international trade, salvage and other
18 commercial disputes.  I have particular expertise in conducting multi-jurisdictional litigation.  I also
19 have extensive experience in emergency response to serious shipping casualties, collisions and
20 pollution incidents throughout the United States and the world.  My practice also includes non-
21 contentious maritime work including drafting charterparty agreements, bill of lading terms, passenger
22 tickets and ship sale and purchase contracts.  I have written published articles in various international
23 maritime law journals and am a speaker at seminars on shipping and trade matters in international
24 forums and universities.
25     5. As a litigation attorney and shareholder, I routinely manage litigation teams in
26 the defense of large maritime and commercial disputes.  I supervised the defense of this matter on
27 behalf of the Defendants.
28 ///

- 2 -

6.      On or about September 22, 2016, I reviewed the billing information for this matter, including the number of hours expended by Keesal, Young & Logan on behalf of Defendants responding to Plaintiff ARABIAN GAS AND OIL DEVELOPMENT COMPANY ("AGODCO") writ of attachment and attachment of the vessel M/V *GLOBAL FAITH* ("Vessel")("the Attachment"), argument before this Court for orders quashing AGODCO's writ of attachment and releasing the Vessel from attachment, pursuing this Motion and Defendants' forthcoming motion to damages for wrongful attachment.  As of August 31, 2016, Keesal, Young & Logan had spent more than 370 hours addressing issues which arose by sole virtue of the writ of attachment and advancing motions for orders quashing the writ of attachment.  The majority of these hours were incurred by two partners, Elizabeth P. Beazley and James A. Marissen, and two associates, Christopher R. Farnsworth and Rachel A. Weitzman, and included the following activities: reviewing various pleadings regarding the Verified Complaint and writ of attachment, numerous teleconferences and correspondence with Defendants and their English counsel getting up to speed on the status of the dispute in London arbitration., additional conferences and communications with Defendants and their English, Bahraini and Taiwanese counsel to collect evidence supporting the motion to vacate the writ of attachments and reviewing evidence, conducting relevant legal research (including but not limited to issues of subject matter jurisdiction, standing, capacity to sue, set off, increase undertaking amount and damages for wrongful attachment), preparing various extensive pleadings and declarations, attending a hearing before this Court, related intra-office meetings and strategy sessions.

7.      The briefing in relation to subject matter jurisdiction required significant legal research and detailed analysis of this complex and somewhat novel area of the law, being namely the scope of jurisdiction conferred by the Federal Arbitration Act in situations where the sole remedy sought is attachment to secure a potential award for a pending arbitration counterclaim in a foreign jurisdiction.  Also, and generally speaking, the unique circumstances whereby California writ of attachment law, and not federal maritime law, governed the attachment of the Vessel, presented additional challenges to be addressed in Defendants' motion and defense efforts.  Defendants maintain that the mandatory off-set as required under California Code of Civil Procedure section 483.015(b) should have reduced AGODCO's security demand to zero.

8. The average billing rate for the partners mentioned above is USD$385 and for the associates mentioned above is USD$285 and US$225 per hour respectively. The effective billing rate for all of the attorneys who worked on this matter combined was $309. These average billing rates represented our standard billing rates for maritime matters at the time the fees were incurred.

9. Before submitting an invoice to Defendants, I reviewed the invoices and "wrote off" time attributed to the file that I found to be inefficient or duplicative.

10. On or about September 22, 2016, I reviewed a summary of all attorneys' fees and disbursements invoiced in this matter arising from our representation of Defendants' in this action. Upon review of this summary, all of the attorneys' fees and disbursements invoiced to Defendants to date currently amount to US$115,884.05.

11. On or about September 14, 2016, I was informed by Defendants' English counsel, Holman Fenwick Willan, and believe that its attorneys' fees related solely to defending AGODCO's writ of attachment proceedings currently amount to US$40,850. Defendants' main (and prevailing) argument that AGODCO had failed to discharge its burden that it was more likely than not to succeed on its underlying counterclaim mandated a detailed review of the procedural status of the London arbitration, a detailed review and recitation of the underlying facts of the dispute, as well as coordination of Defendants' legal arguments in support of its original claim and its defenses to AGODCO's counterclaim. As AGODCO's underlying counterclaim is pending in London and governed by English law, it was necessary for Defendants' English counsel, Holman Fenwick Willan, to be intimately involved in developing Defendants' merits-based arguments and also required extensive declarations both on points of law and relevant facts of the dispute.

12. On or about September 14, 2016, I was informed by Defendants' English counsel, Holman Fenwick Willan, and believe that Defendants' Bahraini counsel, Amin Law Firm, had incurred attorneys' fees related solely to defending AGODCO's writ of attachment proceedings in the amount of US$13,330. As the capacity of a foreign corporation to sue is determined by the law of the country where the corporation is allegedly registered or existing, Defendants' argument required the retention of Bahraini counsel and significant assistance from Bahraini counsel both as to points of Bahraini law and as to factual investigations of AGODCO's corporate status.

13. On or about September 22, 2016, I was informed by Defendants' English counsel, Holman Fenwick Willan, and believe that Defendants' Taiwanese counsel, Jheding International Law Offices, had incurred attorneys' fees related solely to defending AGODCO's writ of attachment proceedings in the amount of US$1,000. In response to the Court's request for supplemental briefing, Defendants' arguments required the retention of Taiwanese counsel and significant assistance from them on this issue of whether English arbitration decisions are enforceable in Taiwan as a matter of Taiwanese law.

14. On or about September 22, 2016, I was informed by Defendants' English counsel, Holman Fenwick Willan, and believe that Defendants' appointed surveyor, Brookes Bell, had incurred fees related solely to defending AGODCO's writ of attachment proceedings in the amount of US$740.00. To further support Defendants' merit-based arguments, Defendants' obtained a declaration from their appointed marine surveyor, Brookes Bell, to refute AGODCO's claims regarding alleged defects with the construction of the vessel concerned in the underlying dispute in the London arbitration.

15. Attached hereto as Exhibit 1 is a true and correct copy of relevant excerpts (Page 34, line 20 through page 37, line 1) of the transcript from the August 4, 2016 hearing on Defendants' motion to dismiss Plaintiff's complaint and vacate the writ of attachment.

16. Based upon the information outlined above, I conclude that Defendants have currently incurred potential wrongful attachment damages totaling USD$186,804.05 as a result of AGODCO's writ of attachment efforts.

Executed this 29th day of September, 2016, at Long Beach, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

/s/ James A. Marissen
JAMES A. MARISSEN

- 5 -
DECL. OF JAMES A. MARISSEN I/S/O SPECIALLY APPEARING DEFENDANTS' MOTION TO INCREASE UNDERTAKING POSTED WITH THE COURT - Case No. 4:16-cv-03801-DMR
KYL4853-0192-8248.1

Case Name: *Arabian Gas and Oil Development Co v. Wisdom Marines Lines, et. al.*
Case No.: USDC, Northern District Case No: 4:16-cv-03801-DMR (related to 16-cv-03872)
KYL File No.: 7811-3

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is Keesal, Young & Logan, 400 Oceangate, Long Beach, California 90802.

On September 29, 2016, I served the foregoing documents described as **DECLARATION OF JAMES A. MARISSEN IN SUPPORT OF SPECIALLY APPEARING DEFENDANTS' MOTION TO INCREASE UNDERTAKING POSTED BY PLAINTIFF WITH THE COURT** on the parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

| | |
|---|---|
| Frank C. Brucculeri, Esq.<br>Daniel F. Berberich, Esq.<br>KAYE, ROSE & PARTNERS<br>9100 Wilshire Blvd., Ste 420W<br>Beverly Hills, CA 90212<br>Ph. (310) 551-6555<br>Fax (310) 277-1200<br>Email: fbrucculeri@kayerose.com<br>         dberberich@kayerose.com | Co-Counsel for Plaintiff ARABIAN GAS AND OIL DEVELOPMENT COMPANY |
| George A. Gaitas, Esq.<br>Chalos & Co., P.C.<br>7210 Tickner Street<br>Houston, TX 77055<br>Ph. (713) 574-9582<br>Fax (866) 702-4577<br>Email: georgegaitas@chaloslaw.com | Co-Counsel for Plaintiff ARABIAN GAS AND OIL DEVELOPMENT COMPANY |

☑    BY CM/ECF: The document was electronically served on the parties to this action via the mandatory United States District Court of California CM/ECF system upon electronic filing of above-described document.

Executed on September 29, 2016 at Long Beach, California.

I declare under penalty of perjury under the laws of the State of California and United States of America that the foregoing is true and correct.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

                                        /s/ Tammy Wade
                                        TAMMY WADE

- 1 -
Proof of Service
KYL4844-7935-4933.1