ELIZABETH P. BEAZLEY, CASB No. 138198
elizabeth.beazley@kyl.com
JAMES A. MARISSEN, CASB No. 257699
james.marissen@kyl.com
JENNIFER M. PORTER, CASB No. 261508
jennifer.porter@kyl.com
CHRISTOPHER R. FARNSWORTH, CASB No. 286992
chris.farnsworth@kyl.com
KEESAL, YOUNG & LOGAN
A Professional Corporation
400 Oceangate
Long Beach, California  90802
Telephone:    (562) 436-2000
Facsimile:    (562) 436-7416

Attorneys for Specially Appearing Defendants
WISDOM MARINE LINES, S.A, WISDOM MARINE
LINES CO., LTD., and SAO WISDOM, S.A.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARABIAN GAS AND OIL DEVELOPMENT COMPANY, a Bahrain Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>WISDOM MARINE LINES, S.A, a Panama Corporation, WISDOM MARINE LINES CO., LTD., a Cayman Islands Corporation, and SAO WISDOM, S.A., a Panama corporation,<br><br>Defendants. | Case No. 4:16-cv-03801-DMR<br><br>Related Case:  4:16-cv-03872-DMR<br><br>**REPLY BRIEF IN SUPPORT OF SPECIALLY APPEARING DEFENDANTS' MOTION TO INCREASE UNDERTAKING POSTED BY PLAINTIFF WITH THE COURT**<br><br>Date:     November 10, 2016<br>Time:    11:00 a.m.<br>Place:    Courtroom 4 |

Specially Appearing Defendants WISDOM MARINE LINES, S.A, WISDOM MARINE LINES CO., LTD., and SAO WISDOM, S.A. (collectively "Defendants"), hereby submit the following Reply Brief in support of their Motion to Increase the Undertaking Posted by Plaintiff ARABIAN GAS AND OIL DEVELOPMENT COMPANY ("AGODCO") with the Court (the "Motion").

- 1 -
REPLY BRIEF IN SUPPORT OF SPECIALLY APPEARING DEFENDANTS' MOTION TO INCREASE UNDERTAKING POSTED BY PLAINTIFF WITH THE COURT - Case No. 4:16-cv-03801-DMR
KYL4817-9447-8651.2

I.

**INTRODUCTION**

AGODCO opposes Defendants' Motion on several grounds, all of which are misconceived in that they apply the wrong body of law, are incorrect as a matter of law, or fail to address the plain language of California Code of Civil Procedure section 490.010(b) ("Section 490.010(b)"). Accordingly, Defendants maintain that the circumstances here compel that the undertaking AGODCO posted with the Court be increased to $186,804.05, an amount which appropriately address the damages, attorneys' fees and costs Defendants are likely to recover as wrongful attachment damages in the event AGODCO's counterclaim in the London Arbitration fails.

II.

**LEGAL ARGUMENT**

A. **THE COURT UNDOUBTEDLY HAS JURISDICTION.**

In its Opposition, AGODCO's takes the position that the Court cannot entertain Defendant's request to order an increase of the undertaking as the Court has been divested of jurisdiction. However, to support this argument, AGODCO exclusively cites to cases in the context of attachments under Rule B of the Supplemental Rules of Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure ("Rule B") and not California attachment law. As AGODCO attached the vessel M/V *GLOBAL FAITH* (the "Vessel") ***solely*** under California attachment law, its argument that the Court is divested of jurisdiction under Rule B, and the cases cited in support thereof, are completely inapplicable. Moreover, AGODCO's position is even more bemusing, given that the Court earnestly sought clarification early in these proceedings on the precise issue of whether AGODCO was proceeding under California attachment law or federal maritime law, and AGODCO answered affirmatively that it was only requesting relief under California attachment law. Accordingly, as California attachment law alone applies here, AGODCO's argument that the

REPLY BRIEF IN SUPPORT OF SPECIALLY APPEARING DEFENDANTS' MOTION TO INCREASE UNDERTAKING POSTED BY PLAINTIFF WITH THE COURT - Case No. 4:16-cv-03801-DMR
KYL4817-9447-8651.2

Court is divested of jurisdiction fails.[1]

AGODCO's attempt at misdirection regarding the necessary "*res*" for jurisdiction is also unavailing. While the Vessel may have departed the jurisdiction, AGODCO's bond of US$10,000 still remains posted with the Court. Indeed, the purpose of filing a bond prior to the issuance of a writ of attachment is to secure the defendant for any damages it may recover for a wrongful attachment. Cal. Civ. Proc. Code § 489.210. Accordingly, the Court clearly retains jurisdiction over AGODCO's bond and can entertain any subsequent wrongful attachment motion. Specifically, no orders have been entered discharging AGODCO's bond and there has been no request made by AGODCO for the bond to be discharged. Therefore, the bond remains in place until conclusion of the underlying proceedings in the London Arbitration, at which time Defendants will move for damages for wrongful attachment as secured by the bond posted with the Court.

### B. DEPRIVATION OF PROPERTY IS NOT A REQUIREMENT FOR THE RECOVERY OF DAMAGES.

AGODCO next tries to argue that because the Vessel's commercial operations were not impeded by the attachment, Defendants "did not suffer any damages as a result of the attachment." This argument is disingenuous and ignores the plain language of Section 490.010(b). Indeed, AGODCO makes no attempt to address Section 490.010(b) whatsoever in its Opposition. This is perhaps unsurprising as Section 490.010(b) specifically states that if an attachment is issued pursuant to a claim that later fails, the party whose property was attached is entitled to recover all damages, including its reasonable attorneys' fees, incurred in defending against the attachment. Moreover, nowhere in Section 490.010(b) does it require a party moving for wrongful attachment damages to

---

[1] Even if federal maritime law was to apply, which it does not, AGODCO's position is still incorrect as a matter of law. Under attachment proceedings commenced under Rule B, the court retains jurisdiction over collateral or ancillary matters, such as motions for damages for wrongful attachment, even after the attached vessel has sailed from the jurisdiction. *See Stevedoring Servs. of Am. v. Ancora Transport, N.V.*, 59 F.3d 879 (9th Cir. 1995) ("While a district court needs jurisdiction over a res to initiate an *in rem* action, it does not need to maintain continuous control of the *res* to maintain jurisdiction of the action."). As such, even if federal maritime law were to apply, the Court would still retain jurisdiction to entertain Defendant's Motion.

establish that it was deprived of the use of its property, and AGODCO fails provide any case law in support of its position.

Here, Defendants were forced to incur substantial attorneys' fees and costs by the sole reason of AGODCO's wrongful attachment efforts. Had Defendants not been successful in those efforts, or had they chosen not to defend the attachment, Defendants would have suffered loss of hire and other commercial losses while their Vessel remained under attachment. This is precisely why Section 490.010(b) permits the recovery of attorneys' fees; so that a party forced to defend a wrongful attachment can be made whole as to the wrongful attachment.

### C.   THE COURT HAS NOT RULED ON THIS MATTER.

AGODCO's argument that the Court has already denied Defendants' request that the undertaking be increased is comical. Upon a plain reading of the transcript from the hearing on Defendants' Motion to Vacate the Writ of Attachment ("Motion to Vacate"), it is unmistakably clear that the Court has not ruled on this issue. The Court stated at the hearing on the Motion to Vacate that Defendants could "make whatever motion you think you need to make on [increasing the bond]. . . as a separate motion." (*See* Dkt. No. 58, Transcript from Motion to Vacate Hearing, pg. 35, lines 12-16.) Indeed, the Court did not entertain any argument on the request to increase the bond, and invited Defendants to bring a separate motion. The present Motion precisely follows the Court's instructions. Accordingly, Defendants submit that this issue is ripe for determination at this time.

### D.   DEFENDANTS HAVE PUT FORTH SUBSTANTIAL EVIDENCE SUPPORTING THEIR PROBABLE RECOVERY.

AGODCO next tries to argue that Defendants' Motion should fail because Defendants have put forth "absolutely no proof" that they are likely to prevail in the London Arbitration. This position wholly ignores Defendants' numerous declarations and other pleadings filed in this matter. The Court need look no further than Defendants' extensive briefing in their Motion to Vacate to evaluate Defendants' probable recovery.

First, given the Court's determination that the declarations filed by AGODCO were conclusory and lacked the requisite specificity, the only persuasive evidence in the record for the

- 4 -

1  Court to consider regarding the probable outcome in the London Arbitration is the declarations filed
2  by Defendants in support of their Motion to Vacate.  Indeed, AGODCO had the opportunity to submit
3  evidence to the contrary in its Opposition to this Motion, but failed to do so.  As such, the only
4  persuasive evidence in the record that the Court can consider supports Defendants' argument that they
5  are likely to succeed in the London Arbitration.
6        Second, even when comparing the parties' declarations that were submitted in support
7  of the Motion to Vacate, Defendants evidence demonstrates a likelihood of success in the London
8  Arbitration.  While AGODCO submitted declarations of Mr. Tony Andis to support the merits of its
9  counterclaim, (which the Court determined were entirely conclusory and lacked requisite specificity),
10 Defendants submitted the declaration of a naval architect, Brookes Bell, who inspected the Vessel
11 construction at issue, declared that the Vessel construction did not deviate from the construction plan,
12 and affirmatively refuted all of AGODCO's conclusory allegations.  In considering the evidence
13 before the Court, Defendants respectfully suggests that their submissions are more than sufficient to
14 demonstrate the likelihood that AGODCO's counterclaim will fail.
15       Moreover, while the Court did not need to address AGODCO's capacity to sue in
16 quashing the writ of attachment (due to AGODCO's wholly insufficient factual declarations to uphold
17 the writ of attachment), the capacity issue nonetheless remains the subject of much argument in the
18 London Arbitration.  Should AGODCO fail to establish its true identity and capacity to sue,
19 AGODCO's counterclaim will be dismissed.  Defendants dedicated substantial resources to briefing
20 this issue before the Court during the attachment proceedings to demonstrate another reason why
21 AGODCO's counterclaim was unlikely to prevail.  Accordingly, to the extent AGODCO's capacity
22 (or lack thereof) remains for determination, Defendants' submissions are more than sufficient to
23 support their present request.  Indeed, AGODCO's own conflicting representations to this Court in the
24 attachment proceedings indicate that AGODCO is unlikely to establish capacity to sue.
25       It is also worth remembering that despite the strong evidence that Defendants will
26 prevail in the London Arbitration, the Court has assistance from the statute when determining whether
27 an attachment was wrongful.  Under the statute, a wrongful attachment exists when the plaintiff who
28

seeks attachment does not recover judgment. Cal. Civ. Proc. Code § 490.010. Accordingly, Defendants will only seek wrongful attachment damages *after* they prevail in the London Arbitration, at which time it will be clear that AGODCO's counterclaim failed and its attachment will be deemed wrongful. At this time, all the Motion seeks to obtain is security for Defendant subsequent wrongful attachment motion.

Finally, AGODCO suggests that because the Motion does not indicate that Defendants "actually paid counsel," the Court should not order the undertaking be increased. This position is also incorrect as a matter of California law. The California Supreme Court has made clear that proof of payment of counsel fees is not a condition precedent to the recovery as an item of damages; allegations that the attorneys' fees and costs were incurred is sufficient. *See Reachi v. Nat'l Auto. & Cas. Ins. Co.*, 37 Cal. 2d 808, 814 (1951). Accordingly, Defendants' Motion and the Declaration submitted in support thereof sufficiently allege the amount of attorneys' fees and costs incurred to support Defendants' request that the undertaking be increased.

### E. INSURANCE COVERAGE IS IRRELEVANT TO THE ANALYSIS HERE.

In its last argument, AGODCO asserts that because the Vessel's owners have FD&D (Freight Demurrage and Defense) insurance coverage, increasing the undertaking here is "unnecessary considering the circumstances." AGODCO fails to cite any authority to support this contention. To wit, California law affirmatively holds the opposite—i.e., that a party's insurance coverage is irrelevant to its recovery efforts. *See Helfend v. S. Cal. Rapid Transit Dist.*, 2 Cal. 3d 1, 6 (1970) ("The Supreme Court of California has long adhered to the doctrine that if an injured party receives some compensation for his injuries from a source wholly independent of the tortfeasor, such payment should not be deducted from the damages which the [party] would otherwise collect from the tortfeasor."). This hornbook principle is commonly referred to as the "collateral source rule." *See Mize-Kurzman v. Marin Cmty. Coll. Dist.*, 202 Cal. App. 4th 832, 872 (2012) ("The collateral source rule operates to prevent a defendant from reducing a plaintiff's damages with evidence the plaintiff received compensation from a source independent of the defendant."); *see also Rotolo Chevrolet v. Superior Court*, 105 Cal. App. 4th 242, 245 (2003) (stating that the collateral source rule operates both as a

substantive rule of damages as well as a rule of evidence).

As AGODCO's last-ditch argument regarding insurance coverage conveniently ignores California law's collateral source rule, it must also be rejected.

### III.
### CONCLUSION

In light of Defendants' Motion, and AGODCO's unavailing Opposition, Defendants respectfully reiterate their request that the Court order the amount of undertaking posted by AGODCO be increased to $186,804.05. This amount appropriately addresses the damages, attorneys' fees and costs incurred by Defendants and constitute their probable recovery for damages for wrongful attachment in the likely event that AGODCO's counterclaim in London Arbitration fails.

DATED: October 20, 2016           /s James A. Marissen
                                  ELIZABETH P. BEAZLEY
                                  JAMES A. MARISSEN
                                  JENNIFER M. PORTER
                                  CHRISTOPHER R. FARNSWORTH
                                  KEESAL, YOUNG & LOGAN
                                  Attorneys for Specially Appearing Defendants
                                  WISDOM MARINE LINES, S.A, WISDOM MARINE
                                  LINES CO., LTD., and SAO WISDOM, S.A.

Case Name:   *Arabian Gas and Oil Development Co v. Wisdom Marines Lines, et. al.*
Case No.:    USDC, Northern District Case No: 4:16-cv-03801-DMR (related to 16-cv-03872)
KYL File No.: 7811-3

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is Keesal, Young & Logan, 400 Oceangate, Long Beach, California 90802.

On October 20, 2016, I served the foregoing documents described as **REPLY BRIEF IN SUPPORT OF SPECIALLY APPEARING DEFENDANTS' MOTION TO INCREASE UNDERTAKING POSTED BY PLAINTIFF WITH THE COURT** on the parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

| | |
|---|---|
| Frank C. Brucculeri, Esq.<br>Daniel F. Berberich, Esq.<br>KAYE, ROSE & PARTNERS<br>9100 Wilshire Blvd., Ste 420W<br>Beverly Hills, CA 90212<br>Ph. (310) 551-6555<br>Fax (310) 277-1200<br>Email: fbrucculeri@kayerose.com<br>       dberberich@kayerose.com | Co-Counsel for Plaintiff ARABIAN GAS AND OIL DEVELOPMENT COMPANY |
| George A. Gaitas, Esq.<br>Chalos & Co., P.C.<br>7210 Tickner Street<br>Houston, TX 77055<br>Ph. (713) 574-9582<br>Fax (866) 702-4577<br>Email: georgegaitas@chaloslaw.com | Co-Counsel for Plaintiff ARABIAN GAS AND OIL DEVELOPMENT COMPANY |

☒    BY CM/ECF: The document was electronically served on the parties to this action via the mandatory United States District Court of California CM/ECF system upon electronic filing of above-described document.

Executed on October 20, 2016 at Long Beach, California.

I declare under penalty of perjury under the laws of the State of California and United States of America that the foregoing is true and correct.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

                                     /s/ Tammy Wade
                                     TAMMY WADE

- 1 -

Proof of Service
KYL4844-7935-4933.1