UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARABIAN GAS AND OIL DEVELOPMENT COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>WISDOM MARINES LINES, S.A., et al.,<br><br>Defendants. | Case No. 16-cv-03801-DMR<br><br>**ORDER DENYING PLAINTIFF ARABIAN GAS AND OIL DEVELOPMENT COMPANY'S MOTION TO STAY AND HOLDING REQUEST FOR CIVIL CONTEMPT IN ABEYANCE**<br><br>Re: Dkt. No. 70 |

Plaintiff Arabian Gas and Oil Development Company ("Plaintiff") moves to stay the March 30, 2017 order requiring it to post an additional undertaking in the amount of $171,804.05 pending the resolution of its petition for writ of mandamus before the Ninth Circuit. [Docket No. 70]. Specially Appearing Defendants Wisdom Marine Lines, S.A. and Wisdom Marine Lines Co. ("Defendants") oppose, and request that the court hold Plaintiff in civil contempt and/or award monetary sanctions. [Docket No. 73]. The court held oral argument on May 25, 2017. Having considered the parties' papers and oral argument, and for the reasons stated herein and on the record, Plaintiff's motion to stay is **DENIED**. Plaintiff is ordered to post the additional undertaking of $171,804.05 by June 1, 2017, otherwise the court will consider Defendants' request for civil contempt. Defendants' request for civil contempt is held in abeyance until the end of the day on June 1, 2017.

## I.  RELEVANT FACTS AND PROCEDURAL HISTORY

The facts underlying this attachment action and its procedural history are set forth in the court's March 30, 2017 order. *See Arabian Gas & Oil Dev. Co. v. Wisdom Marines Lines, S.A.*, No. 16-CV-03801-DMR, 2017 WL 1175592, at *1-2 (N.D. Cal. Mar. 30, 2017) [Docket No. 68]. Briefly stated, the underlying dispute between the parties involves an alleged breach of contract

over an allegedly defectively ship which Defendants sold to Plaintiff. The parties are currently arbitrating this dispute in London. Plaintiff filed this attachment action to attach a vessel owned by Defendants which was then located within the court's jurisdiction, as security for the London arbitration proceedings. Plaintiff posted the statutory $10,000.00 undertaking required by California Code of Civil Procedure Section 498.220(a). This court thereafter issued a writ of attachment and arrested the vessel. However, the court later vacated the attachment and released the vessel upon Defendants' motion to dismiss and/or set aside the writ of attachment. After vacating the writ and releasing the vessel, the court instructed the clerk to close the case.[1] However, the court did not discharge Plaintiff's $10,000.00 statutory undertaking.

Defendants then moved to increase Plaintiff's undertaking to include the attorneys' fees and costs that Defendants incurred in defeating Plaintiff's writ of attachment. Plaintiff opposed, arguing, among other things, that this court lacked jurisdiction because it had vacated the writ of attachment and the vessel was no longer within the court's territorial waters. [Docket No. 59 at 3-4]. However, at the hearing on Defendants' motion to increase Plaintiff's undertaking, Plaintiff withdrew its jurisdictional argument and asserted instead that Defendants could not demonstrate "probable recovery for wrongful attachment" as required by California Code of Civil Procedure Section 498.220(b) ("Section 489.220(b)") because Defendants could not show that it was likely to prevail in the London arbitration proceedings.

On March 30, 2017, the court granted in part and denied in part Defendants' motion. The

---

[1] Plaintiff posits that the March 30, 2017 order is unenforceable because the case was marked as "Closed" on the public docket as of August 4, 2016. This argument lacks merit. It is well-established that courts retain jurisdiction over post-judgment matters such as attorneys' fee petitions or post-judgment motions under Rules 59 and 60. *See, e.g.*, *K.C. ex rel. Erica C. v. Torlakson*, 762 F.3d 963, 970 (9th Cir. 2014) (explaining that a district court has ancillary jurisdiction over a post-judgment motion for attorneys' fees; " '[t]he purpose of ancillary jurisdiction of the federal courts . . . is to enable a federal court to render a judgment that resolves the entire case before it and to effectuate its judgment once it has been rendered'") (quoting *Shapo v. Engle*, 463 F.3d 641, 644–45 (7th Cir. 2006)); *Ryan v. Editions Ltd. W., Inc.*, No. 06-CV-04812-PSG, 2013 WL 417814, at *1, n.7 (N.D. Cal. Feb. 1, 2013) ("The court clearly retains jurisdiction to resolve post[-]judgment motions, including a motion to stay pending appeal."); *see also* Fed. R. Civ. P. 59 and 60 (governing post-judgment motions). Here, the court retained jurisdiction over Defendants' motion to increase Plaintiff's undertaking as it was ancillary or incident to the order vacating Plaintiff's writ, and, moreover, because Plaintiff's $10,000.00 undertaking was and is still posted with the court.

2

court recognized that the language in Section 489.220(b) was ambiguous and could be interpreted to permit a court to consider the merits of the underlying action. As explained in the March 30, 2017 order, at least one California Court of Appeal has held that trial courts have the discretion to consider the probability of a plaintiff prevailing in the underlying action in determining a defendant's "probable recovery for wrongful attachment" under section 489.220(b). *See Arabian Gas & Oil Dev. Co.*, 2017 WL 1175592, at *4 (citing *N. Hollywood Marble Co. v. Superior Court*, 157 Cal. App. 3d 683, 688 (1984)).

In considering the underlying merits, the court found that there was no record evidence to suggest that Plaintiff was more likely to prevail in the London arbitration proceedings than Defendants. Specifically, Plaintiff failed to present concrete, non-conclusory evidence demonstrating that it was likely to prevail in the London arbitration proceedings, either in its original application for writ of attachment, or in its opposition to Defendants' motion to increase the undertaking. The court then reviewed the attorneys' fees and costs sought by Defendants, and declined to award $15,000.00 of the $186,804.05 proposed increase in the undertaking. The court then ordered Plaintiff to post an additional undertaking in the amount of $171,804.05 within 14 days of the order, or by April 13, 2017. *See Arabian Gas & Oil Dev. Co.*, 2017 WL 1175592, at *8.

By the April 13, 2017 deadline, Plaintiff had neither posted the additional undertaking nor had it obtained a stay of the March 30, 2017 order. Instead, Plaintiff filed a mandamus petition with the Ninth Circuit. *See* Petition for Writ of Mandamus [Docket No. 69-1]; *see also In re: Arabian Gas & Oil Dev. Co.*, No. 17-71080. However, a filing a mandamus petition with the Ninth Circuit does not have the effect of staying a trial court order. *See* Wright & Miller, 16A Fed. Prac. & Proc. Juris. § 3954 (4th ed.) ("The taking of an appeal does not by itself suspend the operation or execution of a district-court judgment or order during the pendency of the appeal.").

On April 17, 2017, four days after the deadline to post the additional undertaking, Plaintiff filed the instant motion to stay.

## II. LEGAL STANDARD

"A stay is not a matter of right . . . . It is instead 'an exercise of judicial discretion' . . .

[that] 'is dependent upon the circumstances of the particular case.'" *Nken v. Holder*, 556 U.S. 418, 433 (2009) (quoting *Virginian Ry. Co. v. United States*, 272 U.S. 658, 672–73 (1926)). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken*, 556 U.S. at 433–34.

In *Nken*, the U.S. Supreme Court distilled the legal principles that courts should consider in determining whether to issue a stay into four factors: "'(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *Id*. at 434 (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)); *see also Lair v. Bullock*, 697 F.3d 1200, 1203 (9th Cir. 2012) (setting forth the four *Nken* factors as the standard of review for motions to stay); *Powertech Tech. Inc. v. Tessera, Inc.*, No. C 11-6121 CW, 2013 WL 1164966, at *1 (N.D. Cal. Mar. 20, 2013) (applying *Nken* factors to plaintiff's motion to stay the proceedings pending resolution of plaintiff's Ninth Circuit mandamus petition); *Morgan Tire of Sacramento, Inc. v. Goodyear Tire & Rubber Co.*, No. 2:15-CV-00133-KJM-AC, 2015 WL 3623369, at *1 (E.D. Cal. June 9, 2015) (same). "The first two *Nken* factors 'are the most critical.'" *Lair*, 697 F.3d at 1204 (quoting *Nken*, 556 U.S. at 434).

In applying the *Nken* factors, the Ninth Circuit has adopted a "'sliding scale approach' . . . whereby the elements . . . of the test are balanced so that a stronger showing of one element may offset a weaker showing of another.'" *Leiva-Perez v. Holder*, 640 F.3d 962, 964 (9th Cir. 2011) (quoting *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011)); *see also Dunson v. Cordis Corp*., Lead Case No. 16-cv-03076-EMC, 2016 U.S. Dist. LEXIS 155168, at *12 (N.D. Cal. Nov. 8, 2016).

In particular, if a plaintiff cannot make a "strong showing" on the first *Nken* factor that he/she is likely to succeed on the merits, the plaintiff may still satisfy that factor by making a lesser showing that its appeal "raises serious legal questions or has a reasonable probability of success." *Leiva-Perez,* 640 F.3d at 971. "A party meeting this lesser threshold is not required to show that it is more likely than not to win on the merits . . . , but must then demonstrate that the

4

balance of hardships under the second and third [*Nken*] factors tilts *sharply* in its favor." *Morse v. Servicemaster Glob. Holdings, Inc.*, Lead Case No. C 08-03894, 2013 WL 123610, at *2 (N.D. Cal. Jan. 8, 2013) (emphasis in original) (citing *Leiva-Perez*, 640 F.3d at 970); *see also Mohamed v. Uber Techs., et al*, 115 F. Supp. 3d 1024, 1028 (N.D. Cal. 2015) (citing *Morse*).

## III. DISCUSSION

### A. Stay

Plaintiff argues that all four *Nken* factors weigh in favor of granting a stay. Defendants disagree, arguing that Plaintiff has failed to satisfy any of the factors. As discussed below, the court finds that while Plaintiff presents a serious legal question, the balance of hardships under the second and third *Nken* factors does not tilt "*sharply* in [Plaintiff's] favor." *Morse*, 2013 WL 123610, at *2 (citing *Leiva-Perez*, 640 F.3d at 970). Therefore, the court declines to issue a stay.

#### 1. Serious Legal Question

Plaintiff does not argue that it has made a strong showing of a likelihood of success on the merits. Instead, Plaintiff asserts that it has presented a serious legal question in its mandamus petition, namely whether this court had the authority to retroactively order Plaintiff to pay an additional undertaking after it quashed the writ of attachment and released the vessel that was subject to the writ.

While the Ninth Circuit has not "exhaustively explained or defined what makes a question 'serious,'" several courts in this district have "shed light on the issue." *Mohamed*, 115 F. Supp. 3d at 1028-29. Collectively, those courts suggest that a serious legal question must either be one that goes to the merits and is "so serious, substantial, difficult, and doubtful, as to make the issues ripe for litigation and deserving of more deliberate investigation," one that "concerns constitutionality," one that "raises genuine matters of first impression within the Ninth Circuit," or one that "may otherwise address a pressing legal issue which urges that the Ninth Circuit hear the case." *Mohamed*, 115 F. Supp. 3d at 1029 (citation and internal quotation marks omitted).

According to Plaintiff's mandamus petition, in order for a court to issue an order increasing a plaintiff's undertaking under Section 489.220(b), there must be a writ of attachment and the defendant's property must still be subject to it. In support of its argument, Plaintiff points

5

to the Law Revision Commission comment to Section 489.130. Section 489.130 states that a plaintiff's failure to comply with a court order to increase its undertaking is not a wrongful attachment. The Law Revision Commission comment to Section 489.130 states that one of the remedies for a plaintiff's failure to comply with an order to increase the undertaking is to vacate the writ of attachment and release the property. According to Plaintiff, because the comment presupposes the existence of a writ of attachment and property subject to the writ as a penalty for a plaintiff's failure to comply with an order increasing the undertaking, the attachment statutes must therefore be interpreted as requiring the existence of a writ of attachment and property subject to the writ when a court issues an order increasing the undertaking.

The issue raised by Plaintiff appears to be one of first impression in this circuit. As far as this court is aware, there is no authority addressing the precise issue raised in Plaintiff's mandamus petition. Accordingly, the court finds that Plaintiff has satisfied the first *Nken* factor by demonstrating the existence of a serious legal question. Plaintiff must now establish that the balance of hardships in the second and third factors tilt sharply in its favor.

### 2. Irreparable Harm to Plaintiff

On the second *Nken* factor, the moving party's "'must show that an irreparable injury is the more probable or likely outcome.'" *Dunson*, 2016 U.S. Dist. LEXIS 155168, at *17 (quoting *Leiva-Perez*, 640 F.3d at 968).

Here, Plaintiff contends that absent a stay, it will be forced to expend additional attorneys' fees and costs in responding to additional motions. This clearly does not establish irreparable harm. The Supreme Court has stressed that the "[t]he key word in this consideration is irreparable," and so "[m]ere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough." *Sampson v. Murray*, 415 U.S. 61, 90 (1974). *See also Mohamed*, 115 F. Supp. 3d at 1032-33 ("[N]early all courts 'have concluded that incurring litigation expenses does not amount to an irreparable harm.'") (quoting *Guifu Li v. A Perfect Franchise, Inc.*, No. 5:10-CV-01189-LHK, 2011 WL 2293221, at *4 (N.D. Cal. June 8, 2011)); *DBD Credit Funding LLC v. Silicon Labs., Inc.*, No. 16-CV-05111-LHK, 2016 WL 6893882, at *12 (N.D. Cal. Nov. 23, 2016) (same) (quoting *Mohamed*, 115 F. Supp. 3d at 1033);

6

*Morse*, 2013 WL 123610, at *3 (explaining that "the money and time a party must expend [in litigation], while burdensome, does not alone constitute irreparable injury").

At the hearing, Plaintiff identified a new "irreparable harm" that it allegedly would suffer absent a stay. According to Plaintiff's counsel, if Plaintiff were required to post the additional undertaking, such an action could be construed as consenting to the court's jurisdiction, which is the very issue on appeal before the Ninth Circuit. Defendants agreed on the record that they would not argue that Plaintiff conceded or waived the jurisdictional issue by posting the increased undertaking. Therefore, Plaintiff has not identified any irreparable harm that would result if Plaintiff were required to post the additional undertaking pending the outcome of its appeal.

In the absence of irreparable harm to Plaintiff, the court finds that Plaintiff has not satisfied the second *Nken* factor.

### 3. Substantial Injury to Defendants

The third *Nken* factor asks whether issuance of the stay will substantially injure the other parties interested in the proceeding.

Plaintiff contends that there will be no significant harm to Defendants if the court stays its order to increase the undertaking, because Defendants already possess a $5.2 million dollar security deposit that Plaintiff paid to Defendants on the shipbuilding contract that is under dispute in the London arbitration. This argument mixes apples and oranges. The increase in the undertaking is meant to secure funds that Defendants can seek against Plaintiff in the event that Defendants can establish a wrongful attachment, which will occur if Plaintiff loses in the arbitration. By contrast, the $5.2 million dollar security deposit, which is subject to Plaintiff's counterclaim, ultimately will be dispersed to the party who wins on the underlying contract claim or counterclaim. If Defendants prevail in the London arbitration proceedings, they presumably will be awarded the right to retain the security deposit. The security deposit, however, would not compensate Defendants for damages for wrongful attachment, which arise separately out of these attachment proceedings. *See Arabian Gas & Oil Dev. Co.*, 2017 WL 1175592, at *3 (citing Cal. Civ. Proc. Code § 490.020(a)); *see also* Cal. Civ. Proc. Code § 490.020(a) (a defendant may recover "(1) [a]ll damages proximately caused to the defendant by the wrongful attachment"; and

7

"(2) [a]ll costs and expenses, including attorney's fees, reasonably expended in defeating the attachment" if the attachment is wrongful).

That being said, nothing in the record suggests that Defendants will suffer substantial injury if the court stays its order to increase the undertaking pending the Ninth Circuit's decision on Plaintiff's writ. For example, there is no evidence that a stay would jeopardize Defendants' ability to secure a potential recovery for wrongful attachment, such as evidence that Plaintiff is in dire financial condition and that its ability to post an increased undertaking will diminish with the passage of time.

Therefore, the court finds that the third *Nken* factor is neutral. Since Plaintiff has not demonstrated that the second and third *Nken* factors tip sharply in its favor, the court need not analyze the last factor.

In conclusion, while Plaintiff presents a serious legal question, it has failed to demonstrate that the balance of the second and third *Nken* factors tilt sharply in its favor. Therefore, the court exercises its discretion to deny Plaintiff's motion to stay.

### B. Civil Contempt

Defendants request that the court hold Plaintiff in civil contempt and/or issue sanctions for Plaintiff's failure to comply with the court's March 30, 2017 order. At the hearing, Plaintiff conceded that it had violated the court's March 30, 2017 order. The court provided Plaintiff with one final opportunity to comply. The court ordered Plaintiff to post the additional undertaking of $171,804.05 by June 1, 2017. If Plaintiff fails to timely post the additional undertaking, the court will consider issuing civil contempt sanctions. The court holds Defendants' request for civil contempt in abeyance until the end of the day on June 1, 2017.

### C. Plaintiff's Inappropriate Reply Brief

Plaintiff's reply brief was due on May 8, 2017. *See* Civ. L.R. 7-3(c) ("[T]he reply to an opposition must be filed and served not more than 7 days after the opposition was due."). Plaintiff's reply was not filed until May 11, 2017 and is therefore late.

In addition, Plaintiff's late reply brief raises a myriad of new arguments, which is entirely improper. *See United States ex rel. Giles v. Sardie*, 191 F. Supp. 2d 1117, 1127 (C.D. Cal. 2000)

("It is improper for a moving party to introduce new facts or different legal arguments in the reply brief than those presented in the moving papers."); *Jones v. Nutiva, Inc.*, No. 16-CV-00711-HSG, 2016 WL 5210935, at *8, n.2 (N.D. Cal. Sept. 22, 2016) (same). For example, Plaintiff argues for the first time in its reply that the *Landis* factors govern the issue of whether a court should issue a stay pending an appeal, and that the court erred when it did not require Defendants to prove-up their attorneys' fees and costs expended in defeating the original attachment.[2]

For these reasons, the court strikes Plaintiff's reply brief. *See Jones v. Metro. Life Ins. Co.*, No. C-08-03971-JW DMR, 2010 WL 4055928, at *6 (N.D. Cal. Oct. 15, 2010) (explaining that "based on its inherent powers, a court may strike material from the docket, including portions of a document, reflecting procedural impropriety or lack of compliance with court rules or order") (citing cases).

## IV. CONCLUSION

In sum, the court denies Plaintiff's motion to stay. Plaintiff is ordered to post the additional undertaking of $171,804.05 by June 1, 2017, otherwise the court will consider Defendants' request for civil contempt. Defendants' request for civil contempt is therefore held in abeyance until the end of the day on June 1, 2017. Plaintiff's reply brief is stricken from the record.

**IT IS SO ORDERED.**

Dated: June 1, 2017



Donna M. Ryu
United States Magistrate Judge

---

[2] As an aside, Plaintiff did not raise the attorneys' fee and costs issue in its mandamus petition, which is troubling to the extent that Plaintiff is attempting to back-door this issue before the Ninth Circuit through its late reply brief.

9