UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARABIAN GAS AND OIL DEVELOPMENT COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>WISDOM MARINES LINES, S.A., et al.,<br><br>Defendants. | Case No. 16-cv-03801-DMR<br><br>**ORDER RE PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION AND/OR FOR ADDITIONAL TIME TO POST ADDITIONAL UNDERTAKING**<br><br>Re: Dkt. No. 81 |

This case involves a dispute between Plaintiff Arabian Gas and Oil Development Company ("Plaintiff") and Defendants Wisdom Marine Lines, S.A. and Wisdom Marine Lines Co. ("Defendants"). Plaintiff filed a motion for leave to file a motion for reconsideration of the May 25, 2017 order. That order denied Plaintiff's motion to stay a March 30, 2017 order that required Plaintiff to increase the undertaking currently posted with the court by an additional $171,804.05 by no later than April 13, 2017.[1] Plf's Mot. [Docket No. 84].

Plaintiff seeks reconsideration of the portion of the court's order striking Plaintiff's reply brief because the brief was untimely and contained new arguments. Plaintiff argues that in Defendants' opposition to the motion to stay, Defendants requested civil contempt sanctions for Plaintiff's failure to comply with the court's March 30, 2017 order to increase the undertaking. Plaintiff contends that Defendants should have raised the request for civil contempt sanctions as an independent motion, which would have given Plaintiff fourteen days to respond. Instead, Plaintiff was forced to respond to the civil contempt argument within the seven day deadline for reply briefs. *See* Civ. L.R. 7-3 (setting forth deadlines for opposition and reply briefs).

---

[1] Following oral argument on Plaintiff's motion to stay on May 25, 2017, the court denied the motion from the bench, and informed the parties that it would issue a written order memorializing its ruling. *See* May 25, 2017 minute order [Docket No. 79]; June 1, 2017 Order [Docket No. 84].

In the alternative, Plaintiff seeks additional time to post the increased undertaking due to "the official observance of Ramadan in Plaintiff's home country of Bahrain." Plf's Mot. at 2.

## I.  LEGAL STANDARD

Pursuant to Civil Local Rule 7-9, a party may seek leave to file a motion for reconsideration of an interlocutory order at any time before judgment. Civ. L.R. 7-9(a). A motion for reconsideration may be made on one of three grounds: (1) a material difference in fact or law exists from that which was presented to the court, which, in the exercise of reasonable diligence, the party applying for reconsideration did not know at the time of the order for which reconsideration is sought; (2) the emergence of new material facts or a change of law; or (3) a manifest failure by the court to consider material facts or dispositive legal arguments presented before such order. Civ. L.R. 7-9(b)(1)-(3). The moving party may not reargue any written or oral argument previously asserted to the court. Civ. L.R. 7-9(c). Whether to grant leave to file a motion for reconsideration under Rule 7-9 is committed to the court's sound discretion. *See Montebueno Mktg., Inc. v. Del Monte Corp.—USA*, 570 F. App'x 675, 676 (9th Cir. 2014) (citing *Bias v. Moynihan*, 508 F.3d 1212, 1223 (9th Cir. 2007)).

Plaintiff asserts that it is entitled to reconsideration under Rule 7-9(b)(3), because the court's "refusal to hear Plaintiff's arguments [on Defendants' request for civil contempt sanctions] amounted to a 'manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.'" Plf's Mot. at 4.

## II.  ANALYSIS

### a. Plaintiff's Request for Reconsideration

Plaintiff does not and cannot dispute that its reply brief was both untimely and contained new arguments. The court struck the reply brief for both reasons. June 1, 2017 Order at 8-9. Plaintiff offers no argument to suggest that the court acted improperly in striking the reply brief based on those reasons. Therefore, Plaintiff has failed to make a showing under Civil Local Rule 7-9 to justify reconsideration of the court's decision to strike Plaintiff's reply brief. Its request for leave to file a motion for reconsideration is denied.

Even though the court has denied Plaintiff's motion, it nevertheless considers Plaintiff's

contention that it has not been given sufficient opportunity to address Defendants' request for civil contempt sanctions. This is a curious contention, for a number of reasons. To begin with, Plaintiff never raised the issue until the instant motion. Plaintiff did not mention it in its reply brief on its motion to stay. Indeed, Plaintiff did not devote any of its reply brief to responding to Defendants' request for civil contempt sanctions. At the very least, if Plaintiff believed it needed or was entitled to additional time to respond, it should have so noted in its reply brief, or in a separate motion for administrative relief. *See* Civ. L.R. 7-11. Inexplicably, Plaintiff also failed to raise the point at the May 25, 2017 hearing. The court has not yet ruled on the request for civil contempt sanctions. It held the request in abeyance, and gave Plaintiff one more chance to avoid such sanctions by posting the increased undertaking by June 1, 2017. Plaintiff did not take advantage of that opportunity. Therefore, the court will now consider Defendants' request for civil contempt sanctions. Although Plaintiff completely failed to address the request for civil contempt sanctions in its reply brief, the court will give Plaintiff the opportunity to file a responsive brief so that the court will have the benefit of a full record. **Plaintiff's opposition brief is due on June 16, 2017. Defendants may file a reply brief by June 23, 2017.**

Plaintiff has already conceded that it violated the court's March 30, 2017 order by failing to post the increased undertaking by April 13, 2017. June 1, 2017 Order at 8. Plaintiff remains in violation of that order. The fact that Plaintiff has been granted permission to file an opposition brief does not stay the court's March 30, 2017 order. In light of Plaintiff's actions to date, Plaintiff is also forewarned that any argument that it should not be subject to sanctions during the briefing period will be met with deep skepticism by the court.

**b. Plaintiff's Request for Additional Time to Post the Increased Undertaking**

In the alternative, Plaintiff asks for unspecified additional time to post the increased undertaking due to the "official observance of Ramadan in Plaintiff's home country of Bahrain." Plf's Mot. at 2. Ramadan began on May 26, 2017. On May 25, 2017, the court gave Plaintiff until June 1, 2017 to post the increased undertaking in order to avoid civil contempt sanctions. According to Plaintiff, this order "requiring Plaintiff's speedy response" should be "relaxed only slightly, in light of the additional obstacles posed by the Ramadan holiday, in order to allow

3

Plaintiff additional time to coordinate the logistics of obtaining a surety, furnishing collateral, securing a bond, and posting the bond with the Court in compliance with its order." Plf's Mot. at 4-5.

In many circumstances, the court would find it appropriate to entertain such a request. However, in this case, Plaintiff's request is both late and vague, and smacks of foot-dragging. Plaintiff has known since the issuance of the March 30, 2017 order that it was required to post an increased undertaking by April 13, 2017. In other words, it was on notice of its obligation *a full eight weeks* before the May 25, 2017 hearing, *and had been in violation of the court's order for a full six weeks before that hearing*. At that hearing, the court did not change the April 13, 2017 posting deadline. It merely gave Plaintiff an additional week – until June 1, 2017 – to avoid civil contempt sanctions by posting the increased bond.

Furthermore, Plaintiff's request is suspiciously short on specifics. Other than explaining the general impact of the observance of Ramadan on regular business operations in Bahrain, Plaintiff offers no details on how Ramadan actually affects Plaintiff's ability to obtain the increased bond. For example, Plaintiff does not explain any steps that it has taken to obtain the bond. Indeed, Plaintiff does not even state that it is obtaining the bond in Bahrain. The court notes that Plaintiff's original bond was posted by Travelers Casualty and Surety Company of America, and was executed in New Orleans, Louisiana. [Docket No. 17-1]. The request is denied.

### III. CONCLUSION

For the reasons set forth above, Plaintiff's motion for leave to file a motion for reconsideration is denied. Plaintiff's request for additional time to post the bond is denied. Plaintiff may file an opposition to the request for civil contempt sanctions by no later than June 16, 2017. Defendants may file a reply brief by June 23, 2017.

**IT IS SO ORDERED.**

Dated: June 2, 2017



_____
Donna M. Ryu
United States Magistrate Judge

4