1    ELIZABETH P. BEAZLEY, CASB No. 138198
     elizabeth.beazley@kyl.com
2    STEFAN PEROVICH, CASB No. 245580
     stefan.perovich@kyl.com
3    KRISTY H. SAMBOR, CASB No. 274452
     kristy.sambor@kyl.com
4    KEESAL, YOUNG & LOGAN
     A Professional Corporation
5    400 Oceangate
     Long Beach, California  90802
6    Telephone:   (562) 436-2000
     Facsimile:   (562) 436-7416
7

8    Attorneys for Specially Appearing Defendants
     WISDOM MARINE LINES, S.A., WISDOM MARINE
     LINES CO., LTD., and SAO WISDOM, S.A.

9

10

11                    **UNITED STATES DISTRICT COURT**

12                    **NORTHERN DISTRICT OF CALIFORNIA**

13

| | |
|---|---|
| 14   ARABIAN GAS AND OIL DEVELOPMENT COMPANY, a Bahrain Corporation, | )  Case No. 4:16-cv-03801-DMR |
| 15 | )  Related Case:  4:16-cv-03872-DMR |
|                  Plaintiff, | ) |
| 16 | )  **DEFENDANTS' STATUS REPORT** |
| 17        vs. | ) |
| 18   WISDOM MARINE LINES, S.A, a Panama Corporation, WISDOM MARINE LINES CO., | ) |
| 19   LTD., a Cayman Islands Corporation, and SAO WISDOM, S.A., a Panama corporation, | ) |
| 20 | ) |
|                 Defendants. | ) |
| 21 | ) |

22

23          Specially Appearing Defendants WISDOM MARINE LINES, S.A. ("Wisdom"),

24   WISDOM MARINE LINES CO., LTD. and SAO WISDOM, S.A. (collectively, the "Defendants"),

25   by and through their counsel of record, submit the following Status Report in response to the Court's

26   Order entered on September 14, 2018.[1]

27

28   [1] Defendants, by and through their counsel, contacted Plaintiff's counsel in connection with preparing this Status Report.  Plaintiff's counsel advised that they are working to reestablish communication

DEFENDANTS' STATUS REPORT - Case No. 4:16-cv-03801-DMR
KYL4825-5476-3381.1

# I.

## __BRIEF PROCEDURAL HISTORY__

Defendants and Plaintiff ARABIAN GAS AND OIL DEVELOPMENT COMPANY, alleged to be a Bahrain Corporation ("AGODCO") (Defendants and AGODCO, together, the "Parties") have been entangled in arbitration over a Memorandum of Agreement for the sale and purchase of a vessel originally identified as "Namura Handy BC Hull No. 387" and later named "ECO QUICKFIRE" since December 15, 2015, when Wisdom initiated a claim for damages against AGODCO in a London arbitration.  In order to try to obtain security for its counterclaim in the London arbitration, AGODCO filed its Verified Complaint before this Court and also submitted an Application for Right to Attach Orders in the present proceedings ("Application"), all of which sought to attach M/V GLOBAL FAITH (the "Vessel") as security.  Dkt. Nos. 1 and 3.

On July 8, 2016, the Court granted AGODCO's Application for a Right to Attach Order (Dkt. No. 14), but without first posting the requisite undertaking with the Court and/or complying with the Court's express order in that regard, AGODCO simply proceeded to attach the Vessel, which it did soon thereafter.  It was not until July 15, 2016, that AGODCO posted a bond for the statutory minimum amount of $10,000, prompting the Court to formally issue the writ of attachment for the Vessel. Dkt. Nos. 17 and 19.  On August 4, 2016, at the Defendants' request, the Court quashed the writ of attachment and ordered the immediate release of the Vessel from attachment.  Dkt. Nos. 52 and 53.

Wisdom also initiated a claim against AGODCO in a separate London arbitration under a Memorandum of Agreement for the sale and purchase of a sister vessel originally identified as "Namura Handy BC Hull No. 388" and later named "ECO RIMFIRE" on December 30, 2015.  On July 11, 2016, AGODCO filed a Verified Complaint in respect of the Hull 388 arbitration and asked

with Plaintiff.  Regardless, Plaintiff's counsel engaged with Defendants' counsel in an effort to prepare a joint status report.  Ultimately, the Parties were not able agree on the language to be included in a joint status report by today's November 28, 2018 filing deadline.  As such, Defendants are submitting this unilateral Status Report.

DEFENDANTS' STATUS REPORT - Case No. 4:16-cv-03801-DMR
KYL4825-5476-3381.1

1  the Court to grant its application for a right to attach the Vessel.  The action was however dismissed

2  by AGODCO on August 15, 2016.

3          On March 30, 2017, also at the Defendants' request, the Court ordered AGODCO to

4  post the additional undertaking of $171,804.05.  Dkt. No. 68.  AGODCO failed to do so.  The

5  Defendants then moved to hold AGODCO in contempt for failing to comply with the Court's March

6  30 Order and sought reimbursement of attorneys' fees and costs ("Motion").  Dkt. Nos. 73, 94.

7  AGODCO opposed the Motion, in part by arguing that it was unable to pay the additional

8  undertaking.  Dkt. No. 93.

9          On October 3, 2017, the Court granted the Defendants' Motion, finding AGODCO in

10  civil contempt.  Dkt. No. 101.  The Court ordered AGODCO to:  (1) pay a daily fine of $500.00 for

11  each day it remained out of compliance with the March 30 Order, starting October 4, 2017; and (2)

12  pay the Defendants monetary sanctions in the amount of $20,091.82 for reimbursement of attorneys'

13  fees and costs.  Id.  AGODCO was ordered to make full payment to the Defendants within 30 days of

14  the date of the Court's October 3 Order.  Id.

15          In its October 3 Order, the Court also rejected AGODCO's argument that it should not

16  be held in contempt because it is unable to pay the additional undertaking. See Dkt. No.101.  The

17  Court explained that it was "highly skeptical of AGODCO's 'inability to pay' defense" and, with

18  respect to the defense, commented that "[i]t now appears that AGODCO either misled the court on

19  May 31, 2017, or it is misleading the court now."  Id. at pg. 8, lns. 2, 10-11.  The Court aptly

20  questioned AGODCO's representations about its corporate structure, the validity of the declarations

21  AGODCO submitted in connection with its representations, and the authenticity of the financial

22  documents the company submitted. Id. at pgs. 8-10.

23          To date, AGODCO has not paid the Defendants *any* of the $20,091.82 in sanctions,

24  posted *any* of the additional undertaking of $171,804.05, or paid *any* of the daily fine due.  According

25  to the Defendants' calculation, the amount of sanctions outstanding as of the end of September 2018

26  will be US$272,500.

27

28

## II.

## STATUS OF THE LONDON ARBITRATION

The London arbitrations between Wisdom and AGODCO were bifurcated into two stages:  (1) to determine liability and quantum issues; and (2) to determine the identity of buyers who purchased the vessels under the Memoranda of Agreement.  The hearing to determine liability and quantum issues took place between May 14, 2018, and May 18, 2018.  On September 5, 2018, the tribunals rendered their decisions, dismissing AGODCO's claims in their entity and awarding damages to Wisdom.  True and correct copies of the arbitration awards in the Hulls 387 and 388 arbitrations are attached hereto as **Exhibits A and B**.  The hearing to determine the identity of vessels' buyers is still pending.

## III.

## ADDITIONAL MOTION PRACTICE

As mentioned in the Court's Order dated October 3, 2017, page 8, the full record casts doubt on many of the assertions of AGODCO.

Wisdom has learned through evidence coming to light during the London arbitrations that AGODCO was a trade name used by another individual and corporation, one Harry Vafias whether on behalf of himself or a privately owned corporation managed by the Vafias family, Brave Maritime Corporation, Inc. ("Brave Maritime").  After obtaining this information, Wisdom commenced separate arbitrations in June 2017, against Mr. Vafias and Brave Maritime as parties doing business as AGODCO and, thus, parties liable for purchases made under the AGODCO tradename.  These proceeding are still pending.

In the same proceedings, Mr. Antoniadis failed to show any connection between "AGODCO" and the entity which actually paid the Down Payments on Hulls 387 and 388, a Marshall Islands corporation called "Saudi Chemicals, Inc."  See Declaration of Henry Dunlop filed on 27 July 27, 2016, at ¶¶ 45-48.  Instead, it turns out that Saudi Chemicals, Inc.'s account:

(a)  Was operated by personnel under the direction of Mr. Vafias, apparently, from the offices of the Vafias Group of shipowning companies which includes Brave Maritime Corporation Inc; and

- 4 -

1          (b)  The sole director of Saudi Chemicals, Inc., one Joseph Bantula, is a personal

2    servant of Mr Vafias, employed as a boat boy on his private yacht.

3          The corporation Saudi Chemicals, Inc. has been the subject of a Receivership Order in

4    the Marshall Islands.  A copy of the Court's Order appointing a Receiver is attached hereto as **Exhibit**

5    **C**.  The proceedings in the receivership may be expected to cast light on the real party in interest with

6    respect to the subject matter of the present proceedings launched by Mr. Antoniadis – which is for

7    recovery of the Down Payments.

8          Wisdom says that Mr. Vafias used the Saudi Chemicals, Inc. account to pay the Down

9    Payments and Mr. Vafias, not Mr. Antoniadis, had a financial interest in the arrest which took place.

10   Mr. Vafias is the President and CEO of a NASDAQ listed corporation, StealthGas, Inc.  It is expected

11   that Mr. Vafias attends meetings and presentations in New York in connection with the business of

12   StealthGas, Inc.  He is available to explain to the Court in these proceedings the circumstances in

13   which the arrest was made, when Mr. Antoniadis, in the arbitrations, did not show any connection

14   between AGODCO and the funds which were claimed.

15         In light of AGODCO's relationship with Mr. Vafias, the Defendants will move to hold

16   Mr. Vafias and as the case may be, Brave Maritime, liable for AGODCO's financial obligations in the

17   present action, to provide the outstanding bond as security for the Court's eventual decision in light of

18   the determination in the arbitrations as to the identity of "AGODCO."

19         The Defendants will seek to provision of the following by AGODCO, Mr. Vafias,

20   and/or Brave Maritime: (1) the $10,000 bond AGODCO posted on July 15, 2016; (2) the additional

21   undertaking of $171,804.05 which AGODCO has not posted; and (3) the $20,091.82 in sanctions

22   Ordered by the Court on October 3, 2017.  The Defendants anticipate the Court may seek to recover

23

24

25

26

27

28

DEFENDANTS' STATUS REPORT - Case No. 4:16-cv-03801-DMR
KYL4825-5476-3381.1

1   from all or any of the foregoing the daily fine of $500.00 for every day AGODCO remained out of

2   compliance with the Court's March 30, 2017 Order.

3

4   DATED:  September 28, 2018

    *[signature]*

    ELIZABETH P. BEAZLEY
    STEFAN PEROVICH
    KRISTY H. SAMBOR
    KEESAL, YOUNG & LOGAN
    Attorneys for Specially Appearing Defendants
    WISDOM MARINE LINES, S.A., WISDOM
    MARINE LINES CO., LTD., and SAO
    WISDOM, S.A.

- 6 -

DEFENDANTS' STATUS REPORT - Case No. 4:16-cv-03801-DMR

Case Name:   *Arabian Gas and Oil Development Co v. Wisdom Marines Lines, et. al.*
Case No.:    USDC, Northern District Case No: 4:16-cv-03801-DMR (related to 16-cv-03872)
KYL File No.: 7811-3

1

**PROOF OF SERVICE**

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

   I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and

4

not a party to the within action; my business address is Keesal, Young & Logan, 400 Oceangate, Long Beach, California  90802.

5

   On September 28, 2018, I served the foregoing documents described as **DEFENDANTS'**

6

**STATUS REPORT** on the parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

7

   Frank C. Brucculeri, Esq.       Co-Counsel for Plaintiff ARABIAN GAS

8

   Kaye, Rose & Partners        AND OIL DEVELOPMENT COMPANY
   9100 Wilshire Blvd., Ste 420W

9

   Beverly Hills, CA  90212
   Telephone: (310) 551-6555

10

   Facsimile: (310) 277-1200
   Email: fbrucculeri@kayerose.com

11

   George A. Gaïtas, Esq.       Co-Counsel for Plaintiff ARABIAN GAS

12

   Gaitas, Kennedy & Chalos, P.C.    AND OIL DEVELOPMENT COMPANY
   6250 Westpark Dr., Ste. 222

13

   Houston, Texas 77057
   Telephone: (281) 501-1800

14

   Facsimile: (832) 962-8178
   Email: gaitas@gkclaw.com

15

16

   ☑  BY CM/ECF:  The document was electronically served on the parties to this action via

17

the mandatory United States District Court of California CM/ECF system upon electronic filing of above-described document.

18

   Executed on September 28, 2018 at Long Beach, California.

19

   I declare under penalty of perjury under the laws of the State of California and United States of

20

America that the foregoing is true and correct.

21

   I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

22

23

                    STEPHANIE FRIEBURG

24

25

26

27

28

- 1 -

Proof of Service
KYL4849-2488-3272.2