# EXHIBIT C

FILED

APR 09 2018

ASST. CLERK OF COURTS
REPUBLIC OF THE MARSHALL ISLANDS

IN THE HIGH COURT
REPUBLIC OF THE MARSHALL ISLANDS

| | |
|---|---|
| IN RE SAUDI CHEMICALS INC., a Marshall Islands non-resident corporation,<br><br>By<br><br>WISDOM MARINE LINES SA, Petitioner | Civil Action No. 2017-255<br><br>**ORDER APPOINTING RECEIVER** |

**ORDER APPOINTING RECEIVER**

1.      **Submission.** This matter came before the Court on Petitioner's PETITION FOR APPOINTMENT OF RECEIVER FOR SAUDI CHEMICALS INC. The Court considered the written submissions and heard argument by the Petitioner on 9 April 2018.

2.      **Findings.** The Court, being fully informed, made the following findings:

2.1      The appointment of a receiver for SAUDI CHEMICALS INC, a Marshall Islands non-resident corporation with Entity Number 59771 ("SAUDI CHEMICALS") is appropriate pursuant 52 MIRC § 105(3).

2.2 Attorney Fabien Hohenauer is competent and qualified to act as the receiver of the assets, operations and business of SAUDI CHEMICALS.

3.      **Order.** Based upon the foregoing, it is hereby ORDERED as follows:

3.1      **Appointment.** Mr. Fabien Hohenauer ("Receiver") is hereby appointed as receiver or custodian of the assets, operations and business of SAUDI CHEMICALS, to take charge of and assume control of all real and personal property, tangible or intangible assets, intellectual property, operations and business affairs of SAUDI CHEMICALS, including, without limitation, the bank account held by SAUDI CHEMICALS INC. with UBS Lausanne, bearing reference

CH/UBS/0240-00183534 and/or account number 00183534 (or any account with a similar reference and/or account number), and all products and proceeds thereof (collectively, the "Assets"). The Receiver may at any time file a motion requesting that it be exonerated, discharged, and released from its appointment as receiver. The Receiver's motion may be heard five (5) business days following the filing of such motion. Regardless of the posture of the Receiver's motion, the Receiver shall have no continuing obligation to perform its duties as Receiver hereunder fifteen (15) days after the date the motion is filed ("Suspension Date"); provided, however, that the Receiver shall provide such accounting or additional services as the Court may direct relating to the Receiver's duties or performance prior to the Suspension Date.

3.2    **Confirmation of Acceptance.** The appointment of the Receiver is subject to the Receiver filing a written confirmation of acceptance of appointment within fourteen (14) days of service of this Order.

3.3    **Powers and Duties.** The Receiver shall have exclusive possession and control over all Assets with the power and authority to preserve, protect, and liquidate them for the benefit of whomever the Court may determine to be entitled to the Assets or their proceeds. Except as otherwise limited by this order, the Receiver may do all things that can be done by SAUDI CHEMICALS. The Receiver is vested with all of the powers, rights and duties of receivers appointed under Marshall Islands law in general, the Business Corporations Act ("BCA") in particular, and including, without limitation, the following rights, powers and duties:

3.3.1    **Operation of Business; Collections.** The Receiver shall have full power and authority to manage and operate the Assets and may continue or discontinue the operations of SAUDI CHEMICALS in such manner as, in the Receiver's reasonable business judgment, will

maximize the proceeds realized by the receivership estate, and to seek the advice and instruction

from this Court in connection therewith.   The Receiver is further authorized to collect any and all

rent, issues, profits, income, revenues, and accounts now due and hereafter becoming due for, or

on account of such operations. The Receiver, in conducting the business of SAUDI

CHEMICALS, may do so in SAUDI CHEMICALS's or the Receiver's own name.

3.3.2   **Possession of Assets**. The Receiver shall have the right to take and keep possession

of all Assets, including without limitation all of the real and personal property of SAUDI

CHEMICALS, and bank accounts, during the pendency of the above-captioned action.

3.3.3   **Collection of Accounts**. The Receiver shall immediately begin collection of

SAUDI CHEMICALS' accounts receivable and any other amounts payable to SAUDI

CHEMICALS.   If it deems it appropriate, the Receiver may commence legal action to pursue

collection of any account or other amounts receivable without prior approval from the Court.

3.3.9   **No Obligation to Complete Tax Returns**. Notwithstanding any other provision

hereof, the Receiver shall be under no obligation to complete or file tax returns on behalf of

SAUDI CHEMICALS for income or other taxes arising before the date of this order.   While

acting as receiver, the Receiver shall comply with all applicable laws and regulations relating to

tax reporting requirements. The Receiver shall furnish officers of SAUDI CHEMICALS with

such access to books and records within the Receiver's custody or control as reasonably may be

necessary in order for SAUDI CHEMICALS to complete and file tax returns on its own behalf.

3.3.10 Court **Actions**. The Receiver may bring and prosecute actions for the recovery of

any Assets which may be in the possession of any third party, and, with the approval of the

Court, it may employ attorneys and other professionals as determined by the Receiver to be necessary to assist it in fulfilling its duties. Employment of any such professionals shall only be after notice and approval of the above-entitled Court.

3.3.11 **Ancillary Proceedings.** The Receiver is authorized, if it determines that it is necessary to do so in order to secure possession and control of Assets located outside of this Court's jurisdiction, to commence ancillary receivership proceedings in such other jurisdictions.

3.3.12 **Settlement Authority.** The Receiver may compromise and settle claims where the disputed amount does not exceed $1,000 without approval of the Court and without notice to parties.

3.3.13 **No Appraisal Required.** Unless the Receiver determines in its reasonable business judgment it is necessary or desirable to do so, it is excused from seeking an independent professional appraisal of the Assets. The Receiver may rely on appraisals provided by SAUDI CHEMICALS or any other party, or other means of valuation where the Receiver determines in its reasonable judgment that the appraisal or other means of valuation is of adequate reliability to be used.

3.3.14 **Care of Property; Repairs by Receiver; Insurance.** The Receiver shall maintain real and tangible personal property owned by SAUDI CHEMICALS in the condition similar to that at the time received, ordinary wear and tear accepted during the pendency of this action. The Receiver may make such repairs and alterations to any Assets as the Receiver determines to be prudent or legally required. The Receiver is authorized to insure, maintain, and protect the Assets and may incur expenses to do so. The Receiver may review all existing insurance coverage with

respect to the Assets.   The Receiver may maintain in place existing insurance policies, or procure

such replacement or additional insurance policies, as it determines to be most economical and

convenient, and to pay all premiums in connection therewith whether presently due or becoming

due after the date of this order.

   3.3.15  **No Personal Obligation of Receiver.**  No obligation incurred by the Receiver in

the performance of its duties in good faith, in accordance with the orders of this Court, whether

pursuant to any contract, by reason of any tort, or otherwise, shall be for the Receiver's account.

Rather, the recourse of any person or entity to which the Receiver becomes obligated in

connection with the performance of its duties and responsibilities shall be solely against the

assets of the receivership estate.

   3.3.16 **Standard of Care.**  The Receiver shall at all times exercise reasonable care and skill

in employing its business judgment to administer the Assets.

   3.3.17  **Licenses and Permits.**  The Receiver may acquire or renew all governmental

licenses, permits, or other authorizations, either in the Receiver's name or in the name of SAUDI

CHEMICALS, pertaining to the Assets or any business associated therewith and to do all other

things necessary or appropriate to operate the business of SAUDI CHEMICALS or to operate or

sell the Assets.

   3.3.18  **Cooperation with Receiver.**  The parties to this proceeding, their attorneys, and all

of the officers, directors, managers, agents, and employees (including former employees) of

SAUDI CHEMICALS shall cooperate with the Receiver in connection with its management,

operation, and liquidation of the Assets.  Each of them shall relinquish and deliver possession of

the Assets to the Receiver upon its demand, and shall turnover to the Receiver all records, books, contracts, lease documents, plans and specifications, banking and accounting records, deposits and documents relating to the financing, management, control, operation and preservation of the Assets as the Receiver may demand, upon demand,  and each of them is enjoined from interfering with the possession, control and operation and maintenance of the Assets by the Receiver. Upon request of Receiver, SAUDI CHEMICALS's Sole Director shall provide copies of SAUDI CHEMICALS's records or files required by the Receiver in connection with the administration of the receivership, or any investigation or litigation involving the Sole Director.

3 .3 .19 **Communication with Shareholders and Former Employees.** The Receiver shall assist the Sole Director in distributing up to two (2) letters to the shareholders and former employees of SAUDI CHEMICALS.  The Receiver shall ensure that the shareholder and employee records are updated and maintained accurately.   The Receiver shall further make copies and arrange for mailing of the letters provided by the Sole Director at the expense of the receivership estate.  The Receiver may include its own communications in the mailing to shareholders and former employees where appropriate.

3.4     **Administration.**   The Receiver is authorized to employ the following procedures and case administration:

3.4.1     **Bank Accounts.**  The Receiver may establish bank accounts with any federally insured financial institution for the purpose of receiving and disbursing funds used for the operation, winding-up, and liquidation of the Assets and business of SAUDI CHEMICALS or may continue to use the Company's existing accounts.

3.4.2   **Professional Services**.  The Receiver may contract for professional services including, but not limited to, such legal and accounting services as are reasonably required for the Receiver to discharge its duties in relation to SAUDI CHEMICALS.  Employment of professionals shall require approval of this Court.

3.4.3   **Financial Reports**.  The Receiver shall record and report the results of operations, winding-up, and liquidation of SAUDI CHEMICALS's assets and business affairs.  The reports shall describe the income of the receivership estate, the Receiver's fees and reimbursable expenses, and the other necessary costs and expenses of managing the Assets, including payment of professionals.   The Receiver shall file on or before 15 August 2018, its first report for the period from the date of this order through 30 June 2018.  Thereafter, the Receiver shall file and serve on the parties a bi-annual report for each half year's activity within forty-five (45) days after the bi-annual anniversary of the previous period. No hearing shall be required, unless a party or creditor requests a hearing on notice or objects to any accounting or report.

3.4.4   **Fee**.  The Receiver shall be compensated based upon an hourly rate of EUR 400.00 for the services of Mr. Fabien Hohenauer, reasonable costs and expenses, plus any commission earned as set forth below.  Other staff will be charged at lower rates as necessary.  The Receiver shall charge no more than 40 hours per week of any individual's time, unless with the prior approval of the Court.   Travel and other related expenses, subject to the approval of the Court, shall be reimbursable to the Receiver.

3.4.5   **Payment of Fees of Receiver and Professionals**.  The Receiver is authorized to make payment for its hourly fees and costs (but not for its commission), and those of its professionals as follows:

(1)     The Receiver or its professionals shall file a Notice of Intent to compensate professionals and serve such notice, together with a reasonably detailed description of the time periods, services, and amount requested on parties in interest as provided in Section 3.4.6.

(2)     If no interested party objects to such compensation, within ten (10) calendar days of its filing, the fees and costs shall be deemed approved as being fully and finally earned without further order or leave of the Court.

(3)     Until such fees and costs are approved either through the process described above or by order of the Court, the Receiver and its professionals may only segregate sums for such fees.

(4)     The Receiver and its professionals may provide notice of compensation every other week.

3.4.6     **Court Approval; Procedure.**  Any motion by the Receiver for Court approval of any act of the Receiver requiring Court approval shall be served on each party hereto and each other person who has filed and served on the Receiver a request for special notice. The Receiver may file requests for special notice on behalf of any party; however, such requests filed by the Receiver shall not be deemed consents to the jurisdiction of this Court.  In addition to service by mail or personal service, service may be made by email. Notwithstanding any provision of this order requiring Court approval of any act of the Receiver, the Receiver may nonetheless undertake an action without prior Court approval if it obtains the written consent of each party hereto and each other person who has filed and served on the Receiver a request for special notice.  Such acts shall, as soon as practicable thereafter, be identified to the Court.

3.4.7  **Notice.**  The Receiver shall provide notice to creditors of the receivership as and when required in Division 11 of the BCA. The Receiver shall be deemed to have provided adequate notice if it complies with this section.

3.4.8  **Further Instructions.**  The Receiver may at any time apply to this Court for further or other instructions, or for a modification of this order, or for further powers necessary to enable the Receiver properly to perform its duties, or for termination of the Receiver's appointment.

Dated:  9 April 2018

By: _____

Carl B. Ingram, Chief Justice